Argued 21 February, decided 22 May, rehearing denied 17 July, 1906.

### JENNINGS *v*. JENNINGS.

#### 85 Pac. 65.

AMENDMENT OF COMPLAINT—CANCELLATION OF INSTRUMENTS.

1. There is some question whether occurrences after the filing of a pleading should be presented by an amendment or by a supplemental pleading, but matters germane to the purpose of the first plea may be presented by amendment.

This is an illustration: A bill by a husband against his wife to set aside a deed to her averred that, prior to the execution of the deed, their relations were strained, without setting out the particulars thereof or the reasons therefor. It alleged that the deed was executed pursuant to defendant's promise that in such event she would resume marital relations with plaintiff, which she had no intention of doing, and which she absolutely refused to do as soon as the deed was made. Before answer plaintiff filed an amended bill in which he alleged defendant's relations with another and her unlawful association with him, and alleged an act of adultery committed after the filing of the original bill. *Held,* that the matters so alleged, being germane to the original cause of suit and admissible under the original bill, were properly introduced by amendment.

CANCELLATION OF DEED—FRAUD—FAILURE OF CONSIDERATION.

2. Where a wife, while estranged from her husband and in love with another, induced the husband to convey property to her on her representation that if he did so she would resume marital relations with him, which she had no intention of doing, and, on the execution of the deed, refused to keep her promise with the purpose of continuing her relations with such other person, the husband was entitled to a decree canceling the deed.

From Multnomah: ARTHUR L. FRAZER, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a suit by O. O. Jennings against Helen C. Jennings to cancel and set aside a deed from the plaintiff to the defendant for lot 6, block 16, King's Second Addition to Portland. The original complaint was filed May 14, 1903, and alleged that plaintiff and defendant were husband and wife and had been since February, 1894; that in May, 1903, plaintiff was and for many years prior thereto had been a locomotive engineer and it was necessary for the proper transactions of his business that he

should live and reside at Roseburg; that for more than a year prior to May 7th, the domestic relations between him and the defendant had been greatly strained yet he had maintained a home in Portland, where his wife resided; that on the day named the defendant, for the purpose of cheating, wronging and defrauding him, promised and agreed that if he would deed to her the property in question which he owned at the time of his marriage, that she would remove from Portland to Roseburg and there live with him as his wife; that she had no intention of keeping such promise, but purposed thereby to wrong and defraud him out of the property; that relying upon the good faith of the defendant, he went to great expense in preparing a home in Roseburg, and deeded to her the property in dispute, but that immediately upon the delivery of the deed she absolutely refused to go to Roseburg and live with him and now asserts that she will never do so nor in any way keep or perform her promise and agreement, and refuses to redeed the property to the plaintiff; that in so inducing the plaintiff to deed her the property and in so refusing to go to Roseburg, the consideration for the deed failed, and the defendant has committed a fraud against the rights of the plaintiff.

Service was had upon the defendant but no appearance was made by her nor further proceedings had in the suit until June 11, 1904, when plaintiff, by leave of court, filed what he denominated an amended complaint, in which it is alleged:

"That the domestic relations between plaintiff and defendant had been greatly strained because of certain rumors which had come to plaintiff to the effect that the defendant, his wife, had been seen in the company of one J. S. Seed, a man of a notoriously bad moral reputation, yet, nevertheless, upon the said defendant protesting and asserting that her relations with said Seed were only those which any honorable woman and faithful wife might maintain, this plaintiff believing said protestation and assertions, and having confidence in the truth, chastity and loyalty of said defendant, had maintained and was maintaining a home in the said City of Portland; that on said 7th day of May, 1903, the said defendant for the purpose of cheating, wronging and defrauding this plaintiff, and protesting her love, affection and devotion for him, and avowing her acts to have

always been honorable, and especially her relations with the said Seed to have been ever proper and above reproach, promised the said plaintiff that if he would deed to her the above-described property she would immediately move to Roseburg and there keep and maintain the home and family relation with the plaintiff; that the defendant when she made said promise did not have, nor did she ever at any time have, any intention of keeping the same, but at said time, notwithstanding her said protestations and avowals, cherished a guilty love and affection for the said Seed, and had theretofore, together with said Seed, been caught at Second and Ash streets coming out of a lodging house at a late hour of the night by the wife of the said Seed, and was at said time severely beaten by the said wife of said Seed; intended and purposed by her said false promises and false protestations of love for plaintiff and her false assertions of honor, to cheat, wrong and defraud the plaintiff into executing said deed; that the plaintiff relying solely upon the good faith of his said wife in making said promise and agreement, and relying upon the truth of her said protestations and avowals, went to a great expense in securing a home in the City of Roseburg, Or., where the plaintiff and defendant and their son should reside, and depending solely and entirely upon the truth of said protestations and avowals and upon said promise to go to Roseburg and there keep a home for the plaintiff, the plaintiff made, executed and delivered to the defendant his certain deed to said property above described, which deed the said defendant then and there received and immediately caused the same to be placed of record in the proper office of said county.

(4) That immediately upon receiving said deed and placing the same upon record the defendant absolutely refused to go to said City of Roseburg as she had so agreed, and said she would never go there, notwithstanding that upon that consideration and no other, except as herein stated, said deed was given, and thereupon plaintiff demanded that said deed be surrendered and given up to plaintiff, which demand was refused.

(5) That at the time of making said protestations and avowals the said defendant was in love with the said Seed, and was lewdly associating with him, and has continued so to do in an open manner, and particularly on June 8, 1904, committed the crime of adultery with said Seed in the private lodgings of said Seed in Portland, Or.

(6) That said defendant in so inducing said plaintiff to deed said property to her, and in so refusing to go to Roseburg with plaintiff as aforesaid and in so refusing to deed said property back to plaintiff, committed a gross fraud against the rights of plaintiff.

(7) That by reason of the premises there has been a total failure of consideration of said deed and the same fraudulently secured from plaintiff; that had the plaintiff known the things done and purposed by the said defendant as aforesaid he would never have executed said deed.

Wherefore plaintiff prays for a decree of this court that the said defendant shall reconvey to this plaintiff said property, and for a decree canceling and holding for naught said deed from plaintiff to defendant, and that in the event of the refusal of said defendant to so redeed said property, that the decree entered herein may stand as and for said deed, and for such other and further relief as seems just and equitable to the court, and for his costs and disbursements."

The defendant moved to strike from the amended complaint the averment that she had committed adultery with said Seed in June, 1904, for the reason that such act occurred after the filing of the original complaint, and to strike out other allegations because they were sham, frivolous and irrelevant. This motion was overruled and the defendant answered, denying the material averments of the amended complaint and alleging affirmatively that she received the deed in good faith, intending to keep and perform her promise to go to Roseburg and live with the plaintiff as his wife, but that he refused to procure transportation for herself and son. The testimony was taken, and a decree rendered in favor of plaintiff, from which the defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Dolph, Mallory, Simon & Gearin,* and *Julius Caesar Moreland,* with oral arguments by *Mr. Moreland* and *Mr. Cyrus A. Dolph.*

For respondent there was a brief over the name of *Bronaugh & Bronaugh,* with an oral argument by *Mr. Jerry England Bronaugh.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. It is argued that the court erred in overruling the motion to strike from the amended complaint the averment of matters happening after the filing of the original, for the reason that such matters, if proper at all, could have been presented only by supplemental complaint. As a general rule, facts occurring

after the filing of the original bill should be presented, when proper at all, by supplemental bill and cannot be introduced by amendment: 16 Cyc. 340. But this rule seems to be subject to the exception that if no answer has been filed at the time leave is granted, and amendment made, it is proper to allow matters arising after the original bill was filed to be added by way of amendment: Story, Equity (9 ed.), § 885; I Daniel, Ch. Pl. & Pr. *407. But whatever the true rule may be is unimportant in this case. The amended bill does not substantially change the cause of suit or introduce any matter arising after the filing of the original complaint, except the averment that defendant committed adultery with Seed in June, 1904, and this would have been competent as testimony under the averments of the complaint for the purpose of throwing light upon the method and purpose of defendant in securing the deed in question from the plaintiff. The original bill averred that the relations of plaintiff and defendant were strained at the time the deed was made, without setting out the particulars thereof or the reasons therefor. The amended bill, however, sets out these matters more in detail by alleging the relations of the defendant and Seed and her unlawful association with him and guilty love and affection for him. These were matters germane to the original cause of suit and were properly introduced by amendment.

2. The facts in the case require but a brief notice. No useful purpose would be served by embodying them in an opinion and thus making a public record of the details of the unfortunate estrangement and disagreement between plaintiff and defendant, and the cause thereof or of the circumstances under which the deed in question was made. It is sufficient that we have examined the record and are all of the opinion that the deed was obtained through fraud and deceit with no intent on the part of the defendant to keep and perform her promise, but with the design of abandoning the plaintiff after obtaining his property, and continuing her unlawful relations with her paramour, and that, under such circumstances, plaintiff is entitled to a decree as prayed for: *Dickerson* v. *Dickerson,* 24 Neb. 530 (39

N. W. 429, 8 Am. St. Rep. 213) ; *Meldrum* v. *Meldrum,* 15. Colo. 478 (24 Pac. 1083, 11 L. R. A. 65) ; *Evans* v. *Carrington,* 2 De G., F. & J. *481; *Evans* v. *Edmonds,* 76 E. C. L. 775.

The decree is therefore affirmed.    AFFIRMED.