Argued at Pendleton October 29, reversed and remanded November 27, 1928, rehearing denied January 8, 1929.

## THE ELASTIC PAINT & MFG. CO. v. GUY H. JOHNSON.

(271 Pac. 996.)

650

For appellant there was a brief over the names of *Mr. Will M. Peterson* and *Messrs. Melville, Melville & Temple,* with an oral argument by *Mr. George R. Lewis.*

For respondent there was a brief over the names of *Mr. Edward J. Clark, Mr. S. A. Lowell* and *Mr. A. C. McIntyre,* with an oral argument by *Mr. Clark.*

BROWN, J.—In 1914, the plaintiff corporation was organized under the laws of the State of Colorado, and since that date has been engaged in the business of manufacturing paint and roofing products and marketing the same in the territory designated as the Rocky Mountain region. In 1926, the corporation known as the Canadian Asbestos Products Company was organized under the laws of Colorado, with B. H. Corbett, the salesman hereinbefore referred to, as president and chief executive officer, and established offices at 3551 Blake Street, Denver, the place of business of the plaintiff corporation, under an arrangement with the plaintiff whereby the newly organized company was furnished desk room for its secretary. All orders were handled through this office. At the time of the defendant's purchase of the roofing product from the Canadian Company one W. J. Galligan, secretary and manager of the plaintiff corporation, whose duty it was to pass upon all applications for credit, and to inspect all sales of merchandise, approved the trade acceptances in question. Touching upon the business connections of the two corporations, and the situation tending to show a common enterprise between

the two, is the following excerpt from the testimony of the manager of the plaintiff corporation:

"The Canadian Asbestos Company arranged with the Elastic Paint and Manufacturing Company to manufacture a product for them and supply the trade that they were selling."

Moreover, the record shows that the plaintiff possessed a copy of the formula for making this identical roofing product, and engaged in the manufacture of that product for the Canadian Company.

■ The defendant asserts that the roofing product shipped by the Canadian Company was worthless, and that he received no consideration for the trade acceptances, and that the plaintiff had knowledge thereof. His contention as to the quality of the merchandise is sustained by the testimony of two painters, who testified, in effect, that the product supplied was so inferior that, when applied in accordance with the seller's directions, it possessed no value. If the product was without value when received by Johnson, the trade acceptances were not given for a valuable consideration. As to the third contention, there are circumstances of record that constitute some evidence tending to show that the plaintiff had knowledge of the quality of the asbestos product for which the trade acceptances were given: See 20 R. C. L., § 7, "Notice." Under the record, the court properly denied plaintiff's motion for a directed verdict.

■ The plaintiff invokes the application of the rule which provides that actual fraud consists of a false representation in regard to some past or existing fact, by which a party is induced to enter into a contract or part with his property. As a general rule, false promises are not fraudulent nor evidence of

fraud, and only false representations of past or existing facts are actionable or can be made the ground of defense. However, when a promise is made with no intention of performance, and for the express purpose of perpetrating a fraud, it is a most apt and effectual means to that end, and the victim has a remedy by action or defense. As sustaining the general rule, see *Haney* v. *Parkison,* 72 Or. 249 (143 Pac. 926, Ann. Cas. 1916D, 1035); *Black* v. *Irvin,* 76 Or. 561 (149 Pac. 540). For cases illustrating the exception to this rule, see *Jennings* v. *Jennings,* 48 Or. 69 (85 Pac. 65); *Marshall* v. *Hillsboro Garden Tracts,* 78 Or. 89 (152 Pac. 493); *Dolph* v. *Lennon's, Inc.,* 109 Or. 336 (220 Pac. 161).

In 12 R. C. L., at page 257, it is written:

"So, if through inducements held out by one person, even by means of a promise alone, another is influenced to change his position so that he cannot be placed *in statu quo,* and will be seriously damaged unless the promise is fulfilled, then the refusal to perform is fraud. There is even authority to the effect that false representations as to future events will constitute fraud, where those events depend upon the acts of the party making the representations and form the inducement whereby the other party is led into the transaction."

Fraud is never presumed. The presumption is always in favor of innocence. But, while fraud must be proved, it may be established by circumstances from which no reasonable inference but that of fraud can be drawn: *Wimer* v. *Smith,* 22 Or. 469 (30 Pac. 416). The court properly submitted the case to the jury, with elaborate instructions relating to the application of the Negotiable Instruments Law, and neither party made any objection to such instructions.

■ The plaintiff likewise complains that its cause was prejudiced by the holding of the court that a certain writing made and signed personally by Corbett, the salesman for Canadian Asbestos Products Company, was admissible. This writing, set out above, is in direct conflict with the express terms of the defendant's written order for goods. The writing contains no language purporting to be an agreement, contract, or promise of the company that sold the merchandise, but, on the contrary, it purports to be the promise of Corbett alone. The defendant freely and voluntarily signed and forwarded to the Canadian Asbestos Products Company of Denver the order for merchandise. The merchandise was shipped to, and received by, the defendant at Pendleton, he paying the freight thereon and storing the goods in a warehouse, all of which was in compliance with the terms of the order. Later the defendant paid for the merchandise by executing three trade acceptances and delivering them to Corbett, the company's salesman. The contract was complete: *Loveland* v. *Warner*, 103 Or. 638 (204 Pac. 622, 206 Pac. 298). The order for merchandise and the written instruments forming the basis of this action are in clear, concise and unambiguous language, and convey their own meaning. They require no extraneous circumstance to interpret their meaning or to aid in their construction: Or. L., § 713; 22 C. J., § 1590. Corbett's promise is neither a part of the order nor of the trade acceptances. The writing adduced in evidence was a personal promise, made personally by him, and it is not competent to vary the terms of a written contract between this defendant and the Canadian Asbestos Products Company. The ruling of the court in the matter of the admission

of this writing constituted a substantial error. It follows that this case must be reversed and remanded. REVERSED AND REMANDED. REHEARING DENIED.

RAND, C. J., and BEAN and BELT, JJ., concur.