Motion to dismiss appeal overruled September 3, 1918.
Argued on the merits April 15, reversed and remanded May 20, re-
hearing denied July 8, 1919.

# MARTIN *v.* MORELAND.

### (174 Pac. 722; 180 Pac. 933.)

**Appeal and Error—Period in Which to File Transcript.**

1. Where undertaking was filed January 14th, and was not.excepted to, the period in which to file transcript did not expire until 30 days from January 19th, the appeal not having been perfected, under Section 550, subdivision 4, L. O. L., until the expiration of the five-day period after filing of undertaking.

[As to time for appeal, see note in Ann. Cas. 1917E, 930.]

## ON THE MERITS.

**Words and Phrases—"Gilt Edge."**

2. The term "gilt edge," as applied to commercial paper, is a colloquialism, meaning of the best quality or highest price, first class, and not implying that a note which is not gilt edge is not collectible, or that the maker is irresponsible.

**Fraud—Right to Recover—Injury.**

3. The seller of furniture in a rooming-house to one who paid in cash and note secured by mortgage could not recover damages from the purchaser and another, charged to have conspired to create a pretended security, by execution of mortgage without actual consideration, unless he suffered some injury.

From Multnomah: EDWIN V. LITTLEFIELD, Judge.

In Banc.

Defendant Painter appeals from a judgment rendered against him in the above-entitled action. Judgment was rendered November 21, 1917, notice of appeal was served December 19, 1917, and on the same date an undertaking on appeal was served and duly filed, but for some reason not apparent it was stipulated by counsel that a new undertaking should be filed and that the sureties should appear and justify on January 10, 1918, at 1:30 P. M. At said time the court sustained the objection to the sufficiency of the sureties and on January 14th, a new undertaking was filed which was not excepted to. Nothing further was

done in the case until February 16, 1918, when an order was made by the court extending the time to file the transcript on appeal until and including March 16, 1918.

Plaintiff moves to dismiss the appeal because no order extending the time to file the transcript was made prior to the expiration of the time to file the transcript.                    MOTION OVERRULED.

*Mr. Charles J. Swindells,* for the motion.

*Mr. F. E. Melvin* and *Mr. Samuel B. Huston, contra.*

McBRIDE, C. J.—Under the provisions of Section 550, subdivision 4, L. O. L., the appeal was perfected on January 19, 1918, this being five days after the last undertaking was filed. The appellant then had thirty days within which to file his transcript in this court, which time would have expired on February 18, 1918. The extension was granted on the sixteenth day of February and was, therefore, two days before the expiration of the period allowed by law. The transcript was filed here on March 15, 1918, and was within time.
                    MOTION OVERRULED.

Reversed and remanded May 20, 1919.

## ON THE MERITS.

(180 Pac. 933.)

From Multnomah: EDWIN V. LITTLEFIELD, Judge.

Department 1.

This is an action for damages. The complaint alleges that plaintiff was the owner of an interest in

certain furniture in a rooming-house, of a value ex-
ceeding $252, and defendant Moreland, being desirous
of purchasing the same, offered therefor $100 in cash,
and a note for $150, secured by a mortgage upon a lot
in North Pacific Addition to the City of Astoria.   It is
averred that Moreland represented to plaintiff that
the note and mortgage were worth the face value, and
that "said note and mortgage was gilt edge and first
class in every respect and well secured."   The usual
allegations follow, in regard to plaintiff's reliance
upon these representations, and the consequent sale
and delivery of the furniture, with acceptance of the
note and mortgage in part payment therefor.   These
recitals are followed by averments to the effect that
the representations as to the value of the note and
mortgage were false and fraudulent,

"in that, the purported note and mortgage was not
'gilt edge' and was not well secured; that the property
described in said purported mortgage is worthless and
valueless and is assessed for the sum of one dollar,
and said defendant Moreland knew at the time he made
said representations and statements that the property
described in said purported mortgage was worthless
and valueless."

There are further recitals charging a conspiracy
upon the part of the several defendants to create a
pretended security by the execution of the mortgage
without any actual consideration, upon worthless land,
for the purpose of defrauding plaintiff, who asks for
judgment in the sum of $150, with interest.   The de-
fendant Painter demurred to the complaint, which de-
murrer being overruled, he answered, denying the
material allegations of the complaint and pleading
affirmatively the genuine character of the mortgage,
and asserting its *bona fides*.   A trial was had upon

the issues thus joined, at the beginning of which the defendant Painter objected to the admission of any evidence for plaintiff upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The objection was overruled, and an exception saved. By agreement of the parties the cause was tried by the court without a jury, and there was a judgment for plaintiff, from which defendant Painter appeals.          REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. S. B. Huston* and *Mr. F. E. Melvin,* with an oral argument by *Mr. Huston.*

For respondent there was a brief and an oral argument by *Mr. Charles J. Swindells.*

BENSON, J.—2. The first and most important assignment of error is the one which attacks the sufficiency of the complaint. It will be observed that the complaint contains no allegation to the effect that the defendant Schmidt, the maker of the note, is insolvent or irresponsible, and all that is said in regard to the value of the note is, that it is not "gilt edge," and was not well secured. The term "gilt edge," as applied to commercial paper, is a colloquialism, and its meaning, as given in the Standard Dictionary is, "of the best quality, or highest price; first class; as, gilt edge securities." This, obviously, does not imply that a note which is not "gilt edge" is not collectible, or that the maker is irresponsible. For all that appears in the complaint, the maker of the note may have been amply able, and perfectly willing to pay the face of the note with accrued interest at maturity.

3. It requires no citation of authorities to support the doctrine that a litigant is not entitled to recover damages unless he has suffered some injury, and it follows that the demurrer should have been sustained.

A motion to dismiss the appeal was submitted and denied (*Martin* v. *Moreland, ante,* p. 61 (174 Pac. 722), and was again called to our attention at the time of argument upon the merits. We have again examined the record and find that the motion is without merit.

It may be that the facts will justify an amended complaint, but that is a subject for the consideration of the trial court. The judgment is reversed and the case will be remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.   REHEARING DENIED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.