Argued October 14; affirmed November 10, 1931

## PACE ET AL. *v.* EDGEMONT INVESTMENT CO.

(4 P. (2d) 633)

*Harry Daniel,* of Portland (James P. Stapleton, of Portland, on the brief), for appellants.

*John P. Winter,* of Portland (Winter & Maguire and W. B. Shively, all of Portland, on the brief), for respondent.

BEAN, C. J. The trial court found that the allegations of the complaint were not sustained by the evidence. In this finding we fully concur.

The plaintiffs did not allege or prove that they sustained any pecuniary loss or injury on account of the transaction. There is no proof submitted to the effect that the fair market value of the lot purchased by plaintiffs was less than the agreed purchase price. See *Cameron v. Edgemont Investment Co.*, 136 Or. 385 (299 P. 698), in which a similar case is discussed.

■ In a suit for rescission, based on fraud, plaintiffs must allege and prove that they suffered damage or injury. The plaintiffs, having failed to so allege and prove damage, cannot recover: *Sharkey v. Burlingame Co.*, 131 Or. 185 (282 P. 546); *Smith v. Johns,* 113 Or. 351, 355 (232 P. 786); *Ziegler v. Stinson,* 111 Or. 243, 255 (224 P. 641); *Castleman v. Stryker,* 107 Or. 48, 54 (213 P. 436); *Martin v. Moreland,* 93 Or. 61 (174 P. 722, 180 P. 933); *Schwedler v. First State Bank,* 92 Or. 33 (179 P. 671); *Smith v. Anderson,* 74 Or. 90, 94 (144 P. 1158).

In *Southern Development Co. v. Silva,* 125 U. S. 247 (8 S. Ct. 881, 31 L. Ed. 678), Mr. Justice Lamar said:

"In order to establish a charge of this character the complainant must show, by clear and decisive proof: First. That the defendant has made a representation in regard to a material fact; Secondly. That such representation is false; Thirdly. That such representation was not actually believed by the defendant, on reasonable grounds, to be true; Fourthly. That it was made with intent that it should be acted on; Fifthly. That it was acted on by complainant to his damage; and, Sixthly. That in so acting on it the complainant was ignorant of its falsity, and reasonably believed it to be true."

■ Pomeroy's Equity Jurisprudence (3d Ed.), § 898, states the rule as follows:

"The party must suffer some pecuniary loss or injury as the natural consequence of the conduct induced by the misrepresentations. * * * Fraud without resulting pecuniary damage is not a ground for the exercise of remedial jurisdiction, equitable or legal; * * *"

The main assignment of error is that the trial court erred in failing to find plaintiffs were induced to buy the property by reason of false representations made by the employees of Clarke & Company to the effect that they would resell the lot at a profit of $500. The plain fact in regard to this matter is that the defendants did not agree to resell the lot for the plaintiffs; on the other hand, in the receipt which was given to the plaintiffs, and remained in their possession six or seven days before the contract was signed, it was plainly stated that defendant did not guarantee a resale.

■■ There was nothing to prevent Clarke & Company from accepting a contract from the plaintiffs, or one of them, for the resale of the lots. The writing authorizing Clarke & Company to sell the lots for plaintiffs precludes any misunderstanding on that point. Any apparent authority that Clarke & Company had to make such an agreement vanished in the presence of the actual knowledge of the plaintiffs as to the real authority of the agent, or rather the lack of authority to promise that the defendant would sell the lot for plaintiffs: *Portland v. American Surety Co.,* 79 Or. 38 (153 P. 786, 154 P. 121). There is no evidence in the record that Clarke & Company, the agent, represented that the defendant would resell the property for plaintiffs as an inducement to secure plaintiffs' signatures

to the contract. The authorization of Clarke & Company to resell the lot was simply an endeavor upon the part of plaintiffs to speculate and receive a profit upon the purchase which they had made. Plaintiffs continued to have the benefit of such speculation for eighteen months. The plaintiffs did not look to the defendant to resell the lot. See *Elastic Paint & Mfg. Co. v. Johnson,* 127 Or. 647 (271 P. 996); *O'Neil v. Washelli Cemetery Assn.,* 138 Wash. 566 (244 P. 990). Plaintiffs agreed to pay Clarke & Company, as a commission, all sums which they might receive for the property over and above the amount of the purchase price and $500 profit. If Clarke & Company had resold the property they would have been acting as plaintiffs' agent and not as the agent of the defendant. The proof does not substantiate the claim of the plaintiffs that the defendant promised to make a resale of the lot.

■ It is also contended by plaintiffs that there was a misrepresentation relative to the erection of additional houses in Terwilliger Heights. Mr. Pace testified to the effect that there was already one building going up and that the agents said many more would be built by other parties. Actionable fraud cannot be based upon erroneous prediction that independent third parties would in the future erect houses in the vicinity of the lot: 26 C. J. 1089, § 25; *J. C. Corbin & Co. v. Preston,* 109 Or. 230, 244 (212 P. 541, 218 P. 917). There is no proof on behalf of the plaintiffs or indicated by the circumstances that the representations, in regard to the bright future of the city of Portland and the construction of other buildings, were made in bad faith or that they were willfully false.

■ On April 14, 1929, the plaintiffs wrote to the Edgemont Investment Company and called attention to their failure to give credit, and also made this request:

"We also would like to ask you about having Mrs. Carlton's name changed on the contract as she has remarried and is now Mrs. John Pode." They were advised that it was not necessary to change Mrs. Carlton's name in the contract but that when the deed was issued it could be made out to Mrs. Pode instead of Mrs. Carlton.

The whole proceedings show, especially the several payments made by the plaintiffs after they were aware of all the facts and circumstances pertaining to the representations and alleged representations on the part of the agents, that they treated the contract as valid. They did not act promptly in attempting to rescind the contract.

In the case of *McCabe v. Kelleher*, 90 Or. 45, 51 (175 P. 608), this court said:

"As against a subsequent attempt at utter rescission and recovery of what has been paid on the purchase price, payment of installments of the money agreed to be paid, with knowledge of fraud, will amount to such ratification as will defeat complete rescission. The reason is that one wishing to break up the contract entirely must act promptly on the discovery that he has been deceived, and he is not allowed to speculate on whether some advance in values, or the like, will not save him from loss." See also to the same effect *James v. Ward*, 96 Or. 667, 676 (190 P. 1105).

The plaintiffs have failed to substantiate the allegations of their complaint by proof.

The decree of the circuit court is affirmed.

BROWN, BELT and CAMPBELL, JJ., concur.