RUSSELL V. CROWLEY ET AL *v.* ERNEST E. GOODRICH.

May Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 2, 1945.

*Ernest E. Goodrich, Raymond Trainor* and *H. S. Pierce* for the defendant.

*Witters & Longmoore* for the plaintiff.

JEFFORDS, J. This is an action of fraud and deceit based on alleged false and fraudulent representations in procuring a loan from the plaintiffs to the Goodrich-Daniell Lumber Corporation, of which the defendant was the president and principal stockholder. Trial was by court with a resulting judgment for the plaintiffs. The case is here on exceptions by the defendant.

The loan in question was for $2,000.00. The court found that the defendant told Crowley that this amount was needed to take up an option on a certain timber lot which was worth more than that amount and was ample security for the loan. A mortgage on the timber on the lot was given after the procuring of the loan by the Lumber Corporation as security. The value of the timber on the lot thus became material and both parties introduced testimony as to the amount of timber standing on the lot at various times and as to its value.

A witness for the plaintiffs gave his estimate of the amount of timber as of December 10, 1943. The defendant later attempted to introduce entries in a ledger of the Lumber Corporation and certain checks to workmen as tending to show that between the time of the alleged fraudulent representations and the above date a certain amount of timber had been cut on the lot. This evidence was excluded and an exception granted the defendant to the ruling of the court.

The witness through whom the entries and checks were attempted to be introduced was the bookkeeper of the Lumber Corporation. She testified that the entries in the ledger were made by her from scale slips furnished her each week by the foreman on the job showing the cutting done by each workman and that the entries were made in the due course of business immediately upon receipt of the information from the foreman. The witness also testified that the ledger entries showed the names of the men who did the cutting, the amounts paid them and the amount of timber cut by each man. It also appeared from this witness that after she made the entries the scale slips or memoranda from which the entries were made were destroyed by her.

By No. 48 of the Acts of 1939 the Legislature passed what is known as the Uniform Business Records as Evidence Act. Section 2 of No. 48 reads as follows:

> "Business records. A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the source of information, method and time of preparation were such as to justify its admission."

This act governs here and makes unnecessary a discussion of the cases cited by both parties of the rules of the common law from this and other jurisdictions relating to the admission of ledger entries as evidence, especially those made in the book of a person not a party to the action being tried.

By the terms of the act the admissibility of a record is conditioned on the opinion of the trial court that "the source of information, method and time of preparation were such as to justify its admission." It is to be inferred from the transcript that the foreman who gave the scale slips or memoranda was present in court during most of the time that the bookkeeper was on the stand and he later, as a witness for the defendant, gave his opinion as to the amount of timber on the lot in issue. At no time was he interrogated as to the scale slips or memoranda which he

had given the bookkeeper. The noncalling by the defendant of the foreman to testify in respect to the scale slips or memoranda afforded sufficient grounds for the ruling of the court excluding the ledger entries. *Squires* v. *O'Connell,* 91 Vt 35, 39, 99 A 268.

The defendant says that the offered evidence was excluded because the entries were not the original tally slips. But this is not necessarily so. It is true that before it appeared that·the slips had been destroyed the court stated that these slips were the best evidence of the amount of timber cut. This statement was approved by counsel for the defendant who stated that the foreman who made them would later be present in court. Later the court again stated that the best evidence would be the tally cards and upon being reminded that they had been destroyed said that it did not believe that this fact in and of itself made the ledger entries primary evidence. When the court ruled on the offer of the entries no grounds for the exclusion were stated.

Since there was a sufficient ground for the ruling it is sustained as we uphold rulings made below if there be any legal ground for the same. *Bristol* v. *Noyes,* 106 Vt 418, 422, 174 A 924; *Andrews* v. *Aldrich,* 104 Vt 235, 237, 158 A 676.

The defendant claims no grounds for error in the exclusion of the checks different from those advanced for the ruling on the ledger entries.

The defendant excepted to the judgment for the plaintiffs. The only question for our determination raised by this exception is whether the judgment is warranted by the facts found. *Campbell* v. *Ryan,* 112 Vt 238, 240, 22 A2d 502.

The court found that the actual loss sustained by the plaintiffs by reason of the fraud perpetrated upon them ·by the defendant is $2,214.33. Judgment was entered for the plaintiffs for this amount, with costs, and their motion for a certified execution was granted. Both parties agree that the above amount represents the face value of a note given by the Lumber Corporation to the plaintiffs with interest. The court found the giving of this note and it is also found that the standing timber on the lot in question on January 6, 1943, the date of the alleged fraudulent representations, was not worth more than $600.00.

The defendant claims that the amount of the judgment should be reduced by $600.00 and further that· a judgment·for nominal damages only should have been rendered in the absence of any

finding that the Lumber Corporation, the maker of the note, was insolvent.

■ Where a plaintiff has lost money through making a loan on collateral, induced by false representations as to the value of the property given as collateral, the measure of his damages is the net amount of money actually lost which is ordinarily held to be the amount by which the loan exceeded the actual value of the collateral at the date of the loan with interest. 37 CJS Fraud, § 142, p. 473; *White* v. *Gordon,* 130 Or 139, 279 P 289; *Briggs* v. *Brushaber,* 43 Mich 330, 5 NW 383, 38 Am Rep 187; *Ganow* v. *Ashton,* 32 SD 458, 143 NW 383. Also see *McKinley* v. *Warren,* 218 Mass 310, 105 NE 990, and *Whittier* v. *Collins,* 15 RI 90, 23 A 47, 2 Am St Rep 879.

In our own cases we have recognized that the value of any security or judgment received or obtained by a plaintiff from a defendant as an incident of, or resulting from, a fraudulent transaction must be credited to the defendant in an action of fraud and deceit based on such transaction.

In *Merchants National Bank* v. *Taylor,* 66 Vt 574, 29 A 1012, it appears that as a result of fraudulent representations of the defendant the plaintiffs received the defendant's note and a mortgage as purported security therefor. The defendant was adjudged insolvent and the plaintiff presented the note and received as a dividend part of the value of the note. The plaintiff then brought an action in tort for the false representations of the defendant. It was found by the trial court that the defendant had no equity in the property mortgaged. Judgment was entered for the plaintiff for the amount of the defendant's note less the dividend which the plaintiff had received. Upon appeal this judgment was affirmed.

*Oben* v. *Adams,* 89 Vt 158, 94 A 506, was an action in case for fraud. Here also the plaintiff had received the defendant's note as a result of fraudulent representations of the latter. The plaintiff first brought an action of contract on the note and recovered a judgment against the defendant. He later brought this tort action. It was held that the bringing of the first action did not preclude him from later suing in tort to recover damages for the fraud perpetrated on him. The Court in the course of its opinion says at page 166 of 89 Vt.: "Surely the plaintiff can collect what he may by a suit on the note, without losing his right to recover the balance by way of damages for the fraud. . . . A recovery in assumpsit

will be taking only what the defendant agreed to pay, and will reduce by so much the damage caused by his fraud."

*Bartlett & Fortney* v. *Bonazzi,* 91 Vt 192, 99 A 886, was an action in tort for deceit. The plaintiffs were induced by fraudulent representations to sign a note as sureties for the defendant. At the time of the signing the defendant gave one of the plaintiffs a chattel mortgage which prior to the bringing of the tort action had been foreclosed and the amount realized thereon credited in the plaintiffs' declaration on the amount of damages claimed in the tort action. The defendant claimed that by not returning the security they had received the plaintiffs were precluded from bringing this tort action. This claim was held to be erroneous by the Court which says in the course of the opinion: "It was not necessary that the defrauded plaintiffs should return what security they had in order to enable them to sue in this action to recover from the wrongdoer such damages as they have suffered from his fraud after realizing all they could from such security as they held."

As far as it appears in the last three referred to cases there was no difference in value between what the respective plaintiffs had realized on the securities held by them and the value of the same as of the date the loans were made or obligations incurred. Consequently there was no necessity for stating or applying that part of the rule stated in Corpus Juris Secundum, *supra,* relating to the method of fixing the net amount of money lost by a plaintiff by the fraudulent transaction. It is apparent, however, that we have recognized that the measure of damages to a plaintiff in an action of this kind is the net amount of money he has actually lost as a result of the fraud practiced on him.

In the present case the plaintiffs, in addition to the mortgage on the timber, held the note of the Lumber Corporation for $2,000.00. Any payment made to the plaintiffs on this note should have been credited to the defendant in mitigation of damages. *Merchants National Bank* v. *Taylor, supra.* In order that no deduction from damages be allowed for value of this note it was incumbent on the plaintiffs to allege and prove that it was not collectible at the time the loan was made because of the insolvency of the maker or for any other sufficient reason. *Martin* v. *Moreland,* 93 Or 61, 174 P 722, 180 P 933. This was stated to be so at the trial by counsel for the plaintiffs who gave an apt illustration by saying that if the defendant had been an officer of the Standard

Oil Co. and had obtained this loan for which that company gave its note the plaintiffs would have no standing because they would not have been damaged.

The findings are silent as to what action, if any, had been taken to realize on the note or as to its disposition but it was introduced at the trial as plaintiffs' exhibit No. 1. The findings are likewise silent as to any attempt to realize on the mortgage security but the mortgage was received in evidence as plaintiffs' exhibit No. 2. No claim is made by the plaintiffs that an attempt was ever made to realize on either the note or the mortgage. In any event, the findings show that the value of the timber covered by the mortgage was not more than $600.00 as of January 6, 1943, the day the loan was made. Although a definite value is not fixed it is apparent that the court considered the value to be substantial and it is equally apparent that no deduction for any value for this mortgage security was credited the defendant in the way of mitigation of damages. Consequently for this reason, and under the rules above stated, the judgment must be reversed.

The plaintiffs urge several grounds in support of the amount of the judgment. They set forth several reasons why the mortgage security was of little, if any, value. They say that the trial court must so have considered it. They conclude that the court from its finding as to the amount of actual loss must have considered that this mortgage security had no value whatsoever. They say that an express finding to this effect was not necessary under the rule that if a fact necessary to support a judgment is not expressly found but is fairly inferable from the facts found, such fact will be presumed in support of the judgment. But we can not supply the omission of an essential fact which is not fairly inferable as resulting from the facts as found. *Hooper* v. *Levin,* 112 Vt 321, 325, 24 A2d 337; *Wright* v. *Godin,* 108 Vt 23, 26, 182 A 189. The court has found that the timber which was the mortgage security had value as of the date of the loan. It follows that it is not fairly inferable from the facts found that the security in question had no value.

The plaintiffs also say that if the defendant deemed a finding as to the value of the security material, it was incumbent upon him to request such a finding. They cite *Grapes* v. *Rocque,* 96 Vt 286, 290, 119 A 420, in support of this statement.

To sustain this action both fraud and damage had to be

alleged and proved. *Nye* v. *Merriam,* 35 Vt 438, 443; *Childs* v. *Merrill,* 63 Vt 463, 468, 22 A 626, 14 LRA 264; *Donovan* v. *Towle,* 99 Vt 464, 472, 134 A 588; 37 CJS 215. The burden was not only on the plaintiffs to show that they had been damaged by the fraud of the defendant but also to show the facts necessary for the proper and correct computation of the damages. 37 CJS 490. In short, the plaintiffs had the burden not only of showing damage but its amount. Thus it was incumbent on them and not on the defendant to procure any findings relating to that question. This rule is illustrated in *Grapes* v. *Rocque, supra,* and also in *Manchester* v. *Townshend,* 110 Vt 136, 145, 2 A2d 207.

In answer to the defendant's claim that the plaintiffs were entitled to nominal damages only because of the absence of a finding that the Lumber Corporation as maker of the $2,000.00 note was insolvent, the latter say that if the defendant deemed it necessary to his case that a finding as to the solvency of that company be made the burden was upon him to request it.

Apparently the plaintiffs at the time of trial believed that the burden was on them to show insolvency of the company in order to show full damage as they pleaded such insolvency in their declaration, urged the materiality of this fact on the court and introduced evidence concerning it. This fact was an element to be considered on the question of damage and, as we have seen, the burden was on the plaintiffs and not on the defendant to secure a finding in respect to such fact.

The plaintiffs claim that it was not necessary to prove the insolvency of the Lumber Corporation, as they had two remedies, one against the company on the note and another against the defendant for fraud. They cite several cases in support of their right to both remedies, all of which have been discussed or referred to in this opinion. Whatever may be said of these cases as supporting the right to pursue both parties, as claimed by the plaintiffs, the latter have chosen this action of tort and must abide by the rules above set forth as to proof and measure of damages. None of the cases cited by the plaintiffs hold to the contrary.

The plaintiffs claim that from the finding as to the amount of actual loss it must be presumed that the court found that the Lumber Corporation was insolvent if such fact is necessary to sustain the judgment. If possible from the evidence, the court should have made an express finding on this fact. *Raithel* v. *Hall,* 99 Vt

65, 70, 130 A 749. But we do not deem it necessary to decide whether the fact should be inferred as claimed by the plaintiffs. Nor do we deem it necessary to decide the claim of the defendant unsupported by any authority or argument that because of no express finding of insolvency of the company the plaintiffs were only entitled to recover nominal damages. As we have seen, the judgment must be reversed. At the next trial, no doubt, evidence will be introduced and an express finding made on this question of solvency. If we should attempt to decide the claims of the parties set forth in this paragraph as the case now stands we can not say that justice would be done. To the end that no injustice may be had we will remand the case in order that this question of solvency may be properly determined as well as that of the value of the mortgage security. *Sheldon* v. *Little,* 111 Vt 301, 307, 15 A2d 574, 137 ALR 1.

*Judgment affirmed except as to damages, but reversed as to those, and cause remanded.*