Argued May 13; affirmed June 2, 1948

DAVIS *v.* GREEN and CROUCH

193 P. (2d) 1003

*Mood W. Eckley,* of Portland, argued the cause for appellant. With him on the brief was James H. Ganoe, of Portland.

*John D. Galey,* of Sweet Home, argued the cause for respondents. On the brief were Galey & Gallagher, of Sweet Home, and Phelps & Burdick, of Portland.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY, BAILEY and BRAND, Justices.

BELT, J.

This is a suit to rescind a contract of sale on the ground of fraud. Plaintiff also asks that a Receiver be appointed to liquidate the business of a going concern and for an accounting. A general demurrer was sustained to the Complaint and Supplemental Complaint, and, upon a refusal of plaintiff further to plead, the circuit court dismissed the suit. It was agreed by counsel that admission in the Reply to allegation of facts appearing in the Supplemental Answer could be considered in determining whether plaintiff alleged a cause of suit.

The following facts, so far as material herein, appear from the pleadings: The plaintiff and the two defendants, on and prior to February 14, 1946, were engaged as partners in the operation of a correspondence school in the city of Portland under the style and firm name of "Interstate Training Service." A controversy arose among the partners in the operation of the business, and on the above date the plaintiff and the defendant Green entered into a "buy or sell" written agreement. Pursuant to the contract, as modified, plaintiff offered to sell his one-third interest in the business to defendant Green for $37,000.00. The purchase price was to be paid as follows: $7,000.00 cash down payment; balance of $30,000.00 evidenced by a note and mortgage on the one-third interest sold and the one-third interest owned by defendant Green; monthly payments of $500.00 were to be made on the

note until the balance of the purchase price was fully paid. Defendant Green accepted the offer of plaintiff and made the cash payment of $7,000.00, and executed his note and mortgage. Six payments of $500.00 were made by Green to plaintiff on the note prior to the commencement of the suit on September 26, 1946. Six payments of $500.00 on the note were made by Green to plaintiff after commencement of the suit.

Plaintiff alleges that he was induced to enter into the contract of sale by reason of the representation to him by defendant Green "that he had personally borrowed, with a co-signer, the money necessary to make the down payment ($7,000.00) in accordance with such agreement", whereas in truth and in fact $14,000.00 was borrowed from a bank on a partnership note, and $7,000.00 thereof was used to make such down payment. It is not alleged by plaintiff that such note has not been paid or that it is delinquent. Defendants allege that the note for $14,000.00—signed by Green and Crouch and two co-signers secured by them—was fully paid to the bank on October 7, 1946.

Plaintiff alleges in substance that the sums of money paid to him were received as assets of the partnership and that he stands ready to account for same as such and "does offer to pay unto the Court so much thereof as the Court may determine to be proper upon an accounting and liquidation of said business."

■■ Plaintiff can not prevail in this suit for rescission for two reasons: (1) Fraud is not a basis for rescission in the absence of pecuniary damage. Plaintiff has failed to show wherein he has been damaged by reason of the alleged false representation. *Pace v. Edgemont Investment Co.*, 138 Or. 32, 4 P. (2d) 633—citing numerous decisions from this court. (2) Plaintiff

accepted payments under the contract, after he became aware of the alleged fraud, and has failed to restore, or offer to restore, the benefits received by him prior to the commencement of the suit. *Belanger v. Howard,* 166 Or. 408, 112 P. (2d) 1022; *Scott v. Walton,* 32 Or. 460, 52 P. 180.

■ We are not impressed with the argument that plaintiff received the payments only as assets of the partnership. He had no right to receive the payments as such for the simple reason that he was no longer a member of the firm. Plaintiff must have known that the payments to him were made pursuant to the terms of the contract.

■ In making a rescission of such a contract it is not sufficient to offer to set off the benefits received by plaintiff against the claim sought to be enforced against the other party. 17 C. J. S. 924, § 439.

We see no merit in this appeal. The judgment of the circuit court is affirmed.