ESSEX CHAIR CO., INC. *v.* FINE FURNITURE CO., INC.

(70 A2d 578)

November Term, 1949.

Present: SHERBURNE, C.J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.
Opinion filed January 3, 1950.

*Abare and Sargent* for the defendant.

*John Molla* for the plaintiff.

BLACKMER, J. In this action of contract, the plaintiff, a furniture manufacturer, seeks to recover from the defendant, a retailer, the purchase price of two bedroom .suites. The answer sets up the general denial and the statute of frauds. The cause was heard by the Barre Municipal Court without a jury. Findings of fact were filed, and judgment thereon entered for the plaintiff. The defendant brings the cause here on the exceptions considered hereafter.

No stenographic reporter was present at the hearing. There is made a part of the bill of exceptions, however, "a record of the testimony prepared by the Court, together with plaintiff's exhibits 1, 2, 3, 4, and 5." The bill of exceptions further recites that "the record furnished by the Court with the exceptions noted is the only transcript available." It must be assumed that this record of the testimony, or transcript, sets forth the tendency of the evidence of both parties and all that is material to a determination of the questions saved at the hearing. The exceptions to the admission of. evidence are in consequence before us under the rule of *Clark* v. *Demars,* 102 Vt 147, 149 and *Hill* v. *Scott,* 101 Vt 356, 362-363, 143 A 276.

It sufficiently appears that the plaintiff's case must fail under V. S. 7857, Rev. 1947, being the Statute of Frauds concerning the sale of goods, wares, and merchandise, unless plaintiff's exhibits 3 and 4 constitute a sufficient note or memorandum of the bargain, or an acceptance of the goods. Plaintiff's exhibit 3, so far as material, is as follows:

Essex Chair Co.
574 Ferry Street
Newark, N. J.

Terms 2% 10 days, net 30

Newark, N. J.
5/27/1947

Sold to Fine Furniture Co.
Barre, Vt.

| Quan. | Stock No. | Description | Price | Extension |
|-------|-----------|-------------|-------|-----------|
| 2 | 906 | Dressers & Mirrors at | 46.18 | 92.36 |
| 2 | 906 | Chests | at 46.18 | 92.36 |
| 2 | 906 | 4/6 Beds & Rails | at 26.61 | 53.22 |

237.94

Via Frt.

The material parts of plaintiff's exhibit 4 follow:

Fine Furniture Co.
Barre, Vt.

June 2, 1947

Essex Chair Co.,
574 Ferry St.,
Newark, N. J.

Gentlemen:

We acknowledge receipt of your invoice covering two maple bedroom suites shipped to us. We regret that we are unable to use these and wish that you would authorize us to return same to you. We wrote you some time ago and asked you to cancel this order as the price is too high. . . .

Please let us hear from you at once regarding this matter.

Yours truly,

(Signature) Irving Fine,
Fine Furniture Co.

IF.B

The defendant excepted generally under V. S. 1628 (I), Rev. 1947, to the admission of plaintiff's 4, and briefs the objection that there is no evidence tending to show that Irving Fine, the signer, was then the agent of the defendant corporation. It is significant that the plaintiff ignores this claim; his brief points out nothing to the contrary. Although in this situation we are not bound to search the record for supporting evidence, we have done so and there is none, nor any from which the fact could be reasonably inferred. This exception must be sustained, and the judgment reversed.

■ That we have the power in our discretion, and to prevent a failure of justice, to remand the cause is beyond question, and it has been our practice to do so when the circumstances warrant it. The cases are exhaustively collected in *Shea* v. *Pilette,* 108 Vt 446, 455, 189 A 154, 109 ALR 933. Subsequent decisions in accord are *Hammonds Inc.* v. *Flanders,* 109 Vt 78, 83, 191 A 925; *Mott* v. *Bourgeois et al,* 109 Vt 514, 519, 1 A2d 704; *Sheldon* v. *Little,* 111 Vt 301, 307, 15 A2d 574, 137 ALR 1; *Chittenden* v. *Hamilton Realty Co.,* 114 Vt 57, 62, 39 A2d 199; *Crowley* v. *Goodrich,* 114 Vt 304, 312, 44 A2d 128, 162 ALR 691; *Roberts & Son* v. *Powers,* 115 Vt 185, 186, 55 A2d 124; *Longchamps* v. *Conti,* 115 Vt 492, 494, 66 A2d 1; *In re Peters Estate,* 116 Vt 32, 69 A2d 281, 286. Enough appears in the record to satisfy us that the plaintiff may well have a meritorious case if the facts are properly presented and found, and we think he should have an opportunity to have this done. *Hammonds Inc.* v. *Flanders, supra,* at page 83, 191 A at page 927.

If the plaintiff establishes Fine's agency on rehearing, the effect of plaintiff's 3 and 4 will be controlling. Most of the briefing addresses itself to the question whether a sufficient written memorandum existed and to the effect of plaintiff's 4 as an acceptance. It appears prudent to pass on the question so presented.

The trial court found the fact to be that the name "Fine Furniture Co." was adopted by both parties as the name of the defendant corporation at all pertinent times. The discussion below is had in the light of this finding. Also it is assumed that Irving Fine was in fact agent for the defendant corporation in the writing of its letter dated June 2, and being plaintiff's 4.

■ The rule in this jurisdiction is that the written memorandum to answer the statute must, either by its own language or

by reference to something else, contain such a description of the contract actually made as shall obviate the necessity of resorting to oral evidence in order to supply any terms of the contract essential to its validity. *Taplin* v. *Hinckley Fibre Co.,* 97 Vt 184, 187-188, 122 A 426. The statute has never required that the written evidence be created at the time of making the oral contract. *Ide & Smith* v. *Stanton,* 15 Vt 685, 690, 40 Am Dec 698.

First for consideration is whether plaintiff's 3 and 4 can properly be read together as one memorandum. The only case in our reports bearing on this question, *Rowell* v. *Dunwoodie,* 69 Vt 111, 115, 37 A 227, is not decisive. There it appeared by the writing signed by the defendant that the notes and account sued upon were all the claims of that category, so that their identity was established by their production. Here the defendant's writing does not indicate that the invoice, plaintiff's 3, was the only invoice which had passed between the parties. It may be safely said, none the less, that *Rowell* v. *Dunwoodie, supra,* foreshadows the result hereinbelow.

The rule to be applied to the present case is as follows: What is essential is that the signature of the party to be charged shall authenticate the whole of the writing. What is necessary, then, is that a writing so signed refer to all writings not so signed that are sought to be made a part of the memorandum. It is not important in what language reference is made; it is certainly enough if a plain reference is made by the party to be charged, whatever its nature, to any other writing. The writing signed by the party to be charged must not only refer to the other writing, but it must, by implication at least, assent to the accuracy of the statements therein that it is desired to incorporate in the signed writing. Williston on Sales, Rev. Ed. 1948, Sec. 108.

The defendant's letter contains a plain reference to the plaintiff's invoice. The date of the invoice, May 27, and of the letter, June 2, of the same year, indicate the lapse of an ordinary time between billing and reply. The communications are mutually addressed. The defendant acknowledges receipt of an invoice covering two maple bedroom suites. We recognize the articles described in the invoice as being two bedroom suites. Also the defendant's letter recognizes the invoice as representing a previous order which he had sought to cancel. The only criticism in the letter is that "the price is too high." This tacit acquiescence

to the terms of the invoice impliedly assents to the accuracy of the matters set forth therein. The conclusion is that the invoice is incorporated into the letter by plain reference.

The memorandum must disclose, either expressly or by implication, the subject matter, the parties, the promise or understanding, the essential terms and conditions and the price. 37 CJS Statute of Frauds, Sec. 181; *Ide & Smith* v. *Stanton*, 15 Vt 685, 691-692. No argument is necessary to demonstrate that the invoice and the letter read together contain express provisions covering all these matters. They constitute a sufficient written memorandum.

The findings of fact show that the goods in question were shipped by the plaintiff to the defendant via freight on May 27, 1947, and were reshipped by the defendant to the plaintiff on June 5, 1947. The fact of a receipt must necessarily be inferred from the defendant's reshipment, defining receipt as the act of taking possession. 49 Am Jur Statute of Frauds, Sec. 272. Whether the goods were in transit or had been received on June 2, the date of the defendant's letter, is not made to appear. Our discussion of the question of acceptance is predicated on the assumption that they were in transit, as indicated by the defendant's letter.

V. S. 7857 (III) provides "There is an acceptance of goods within the meaning of this section, when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods." This acceptance is an assent on the part of the buyer to take existing and identified goods as owner, though it need not be an assent to be owner at once, nor does it necessarily involve the conclusion that ownership is transferred, or intended to be, at the moment of acceptance. Williston on Sales, supra, Secs. 75 and 274a. It is not necessary that the buyer express satisfaction with the goods, and it is obviously possible for him to accept them without making an examination and before receipt. Williston, supra, Sec. 77.

The words in plaintiff's 4, which it is claimed operate as an acceptance by the defendant, are: "We . . . wish that you would authorize us to return same (i.e. the goods in question) to you. . . . Please let us hear from you regarding this matter." This is an express recognition that the defendant should not re-

turn the goods without the plaintiff's permission, and it is clear that this constitutes an acceptance within the meaning of the statute and rules set forth above. It is directly analogous to *James Mack Co., Appt.* v. *Bear River Milling Co., Respt.,* 63 Utah 565, 227 P 1033, 36 ALR 643, where an application for an extension when the time for payment arrived was held a sufficient acceptance to satisfy the Statute of Frauds, it permitting an acceptance by words.

Both parties cite *Burlington Grocery Co.* v. *McGreggs,* 97 Vt 63, 122 A 479. That case is materially dissimilar on its facts. Nothing said or held therein is inconsistent with the sentiments. herein expressed.

*Judgment reversed and cause remanded.*