ARTHUR RICE'S ADMR. *v.* N. HENRY PRESS.

(94 A2d 397)

November Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS, JJ. and HUGHES, Supr. J.

Opinion Filed January 6, 1953.

*P. C. Warner* and *A. Pearley Feen* for the defendant.

*John L. Folsom* and *Harold C. Sylvester* for the plaintiff.

ADAMS, J. This is an action of tort for fraud against the defendant, an attorney at law, for withholding too large a fee in connection with legal services performed for the plaintiff. Trial was by jury with verdict and judgment for the plaintiff. The case is here on exceptions of the defendant.

After verdict and before judgment thereon, the defendant filed a motion in arrest of judgment. The motion contained various grounds which are summarized in the defendant's brief as raising the question: "Were the allegations in the plaintiff's declaration suf-

ficient to constitute actionable fraud?" The motion was denied and the defendant allowed an exception. This is the first one briefed.

A judgment cannot be arrested unless the complaint is so totally defective in substance that it would have been bad on general demurrer. *Raithel* v. *Hall,* 97 Vt 469, 471, 124 A 586; *Johnson* v. *Hardware Mutual Casualty Co.,* 109 Vt 481, 499, 1 A2d 817.

The declaration alleges in substance that the plaintiff entered into a contract with the defendant regarding a claim of the estate of Arthur Rice against one Reginald Baker in the sum of $7,263.23, which Baker was ready to pay as soon as he could obtain a veteran's loan based upon the distress of Baker; that the defendant agreed to confer with Baker and if necessary bring a friendly suit against him so that he could obtain the loan; that the plaintiff agreed to pay the defendant a reasonable sum for what work the defendant should do in connection with the conference and the bringing of the suit; that the defendant conferred with Baker and brought the suit, whereupon Baker obtained the loan and paid the defendant $7,263.23 and the suit was marked, "Settled and Discontinued"; that the defendant expended less than one day's work and it became his duty to refrain from charging the plaintiff more than a reasonable sum for his services and to truthfully inform the plaintiff what such reasonable sum was and the basis upon which it was computed, yet the defendant, being an attorney-at-law practicing in Vermont and well knowing the statement to be false, falsely and fraudulently and with intent to deceive the plaintiff, informed him that he, the defendant, was by law entitled and without any agreement on the part of the plaintiff, to charge him 33⅓% of the $7,263.23 but he would charge only 20% or $1,452.65; that the statement was made to induce the plaintiff to pay the defendant a larger sum than he was entitled to; that the plaintiff being ignorant of the falsity of the defendant's representations and relying upon them allowed the defendant to retain $1,452.65 as pay for his services which services were worth only $100 and the defendant should have charged only that sum; that the plaintiff had demanded of the defendant the difference between said amounts, namely, $1,352.65 which the defendant had refused to pay to the damage of the plaintiff.

In considering the motion in arrest of judgment, we are concerned only with the sufficiency of the allegations in the declaration. After verdict every presumption is to be made in favor of the sufficiency of the pleadings. *Newton* v. *Brown,* 49 Vt 16, 18; *John-*

*son* v. *Hardware Mutual Casualty Co.,* 109 Vt 481, 499, 1 A2d 817. After verdict all averments on the side of the successful party that were involved in the issue tried, will be taken to have been duly proved or admitted, unless something is placed upon the record to show the contrary. *Gates* v. *Bowker,* 18 Vt 23, 26; *Newton* v. *Brown, supra; State* v. *Freeman,* 63 Vt 496, 499-504, 22 A 621, and cases cited.

To constitute actionable fraud, the representations must be of existing facts relating to the subject matter of the contract and affecting its essence and substance, made as inducements to the contract, such representations being false and at the time known to be false, or made as of knowledge without in fact knowing them to be true, not open to the knowledge of or known to the other party and relied upon by him in making the contract to his damage. *Thomas* v. *Johnson,* 108 Vt 363, 369, 187 A 375.

The defendant says in his brief that in the absence of contract, the defendant was entitled to charge what his services were reasonably worth and the plaintiff was obligated to pay that sum. With that we agree. What that sum is, depends upon many things which it is not necessary to enumerate here. *Vilas* v. *Downer,* 21 Vt 419, 424-425; *Platt, Admx.* v. *Shields & Conant,* 96 Vt 257, 268-269, 119 A 520. It was aptly said by this Court in the former case "It would be wholly unjust, to require a person employing a lawyer to manage a suit (when of course it could not be known to either party how long it would continue in court, or the amount of professional labor, which would be required to carry it through), to stipulate as to the amount of his charges, or else be compelled to pay such charges, as the lawyer should see fit to make against him."

The defendant, in his brief, in answer to his posed question, "Were the allegations in the plaintiff's declaration sufficient to constitute actionable fraud?" by way of summary, says that neither the allegation that the defendant represented he was entitled "by law" nor the allegation of the duty of the defendant to refrain from charging more than a reasonable sum for his services are allegations of facts upon which an action of fraud may be predicated. Without question, as a matter of fact, in the absence of agreement, it was the duty of the defendant to refrain from charging more than his services were reasonably worth. The defendant ignores the full allegation which, after setting forth what the defendant was employed to do, states that the defendant represented that he was by law and

without any agreement on the part of the plaintiff, entitled to charge 33⅓% of the $7,263.23, the amount he had received for the plaintiff. The fraud rests upon the statement, that by law he was entitled to charge 33⅓%. We know of no law, nor has any been pointed out to us, that would entitle the defendant to make that charge under the circumstances alleged.

We are not unmindful of the general rule, that fraud cannot be predicated upon misstatements of law or misrepresentations as to matters of law. 23 Am Jur Fraud & Deceit § 45, p 809. This rule, however, may be rendered inapplicable by the existence of peculiar facts and circumstances. A representation of domestic law may constitute fraud when it is accompanied by some inequitable conduct on the part of the person making it which induces the other party to rely and act thereon. Much depends upon whether the parties deal upon equal terms. Thus relief may be granted because of such misrepresentations when there is a relation of trust and confidence between the parties or where the speaker has, or professes to have, superior knowledge of the law. Hence, the misrepresentation is actionable where one who knows the law deceives another by misrepresenting the law to him or knowing such other to be ignorant of it; takes advantage of him through such ignorance. 23 Am Jur, Fraud & Deceit, § 48, p 812-813.

Misrepresentations involving a point of law will be regarded as actionable misrepresentations of fact if it appears that they were so intended and understood. 37 CJS, Fraud, § 55, p 326, note 78. It has been laid down by an eminent English jurist that "a representation concerning a man's private rights, though it involves matters of law, is, as a whole deemed to be a statement of fact." Anno. 33 ALR 881. See also, *Provident Life and Accident Ins. Co.* v. *Clark,* 175 Okla 282, 52 P2d 763; *Stark* v. *Equitable Life Assur. Soc. of the U. S.,* 205 Minn 138, 285 NW 466; *Penn Mutual Life Ins. Co.* v. *Nunnery,* 176 Miss 197, 167 So 416; *Security Savings Bank* v. *Kellems,* Mo App, 274 SW 112.

Tested by the foregoing rules, we hold that the allegations in the declaration, as against the motion in arrest of judgment, sufficiently set forth actionable fraud. There was no error in denying the motion.

The defendant, at the close of the plaintiff's evidence and again at the close of all the evidence, made a motion for a directed verdict. It was denied and an exception allowed. The grounds of the mo-

tion were, in substance, (1) that the plaintiff had accepted and used a check given in settlement by the defendant and there was an accord and satisfaction, (2) that no fraud had been shown and (3) that the plaintiff had shown no damage, he having introduced no evidence showing what a reasonable charge for the services of the defendant should have been.

■ We consider the second ground of the motion first. In passing upon the question raised by this motion, we view the evidence in the light most favorable to the plaintiff. We do not pass upon the credibility of the witnesses, because the tendency of the evidence and not its weight is to be considered. The effect of modifying evidence is to be excluded. If there is evidence fairly and reasonably tending to support the plaintiff's claim, it is immaterial to the motion, that such evidence is contradicted, for contradictions are for the jury to resolve. *Johnson* v. *Hardware Mutual Casualty Co., supra,* 109 Vt 481, 491-492, 1 A2d 817; *Tinney* v. *Crosby,* 112 Vt 95, 101, 22 A2d 145, and cases cited; *Hill* v. *Stringer,* 116 Vt 296, 299, 75 A2d 657.

We need not, in view of our discussion of the declaration, recapitulate the evidence bearing upon the issue of fraud. It is sufficient to say that a careful examination of the record, with the foregoing principles in mind, shows that there was evidence that fairly and reasonably tended to support the elements of fraud set forth in the declaration (we discuss the element of damage later) and from which the jury could fairly and reasonably find that the defendant was guilty of fraud. This being so, it was a question for the jury and there was no error in denying the motion as to this ground.

After verdict for the plaintiff, the defendant made a motion to set it aside on this same ground. From what has been said, it is apparent that there was no error in the court's refusal to set it aside on that ground. Nor was there any abuse of discretion in refusing to set it aside on the ground that it was against the evidence and against the weight of the evidence on the question of fraud.

It is not questioned that if there was fraud on the part of the defendant in prevailing upon the plaintiff to accept the check and allow the defendant to retain the amount he retained for his services, there would be no accord and satisfaction. We, therefore, give this ground of the motion no consideration.

■ The third ground of the motion, which we now consider, is more serious. To sustain an action for fraud, there must be both fraud and damage. *Nye* v. *Merriam,* 35 Vt 438, 443. Fraud with-

out damage, or damage without fraud, gives no cause of action, but where these concur then an action lies. *Childs* v. *Merrill,* 63 Vt 463, 468, 22 A 626, 14 LRA 264. In a fraud case there can be no recovery unless damage is shown. *Donovan* v. *Towle,* 99 Vt 464, 472, 134 A 588. To sustain an action of fraud and deceit both fraud and damage have to be alleged and proved. The burden is not only on the plaintiff to show that he has been damaged by the fraud of the defendant but also to show the facts necessary for the proper and correct computation of the damages. *Crowley* v. *Goodrich,* 114 Vt 304, 311, 44 A2d 128, 162 ALR 691.

Here the plaintiff by his declaration sought to recover as damages the amount that the defendant had withheld as pay for his services of $1,452.65 less the amount of $100 which he alleged was the sum the services were reasonably worth. By number 5 in his replication, he says the defendant performed less than one day's work and should be entitled to only about $100 whereby the plaintiff has suffered damage of $1,352.65. This is substantiated by his opening statement to the jury as shown by the record. While he made some claim in oral argument that he was entitled to recover the full amount withheld, he says in his brief that he was damaged by the difference between the amount withheld by the defendant and the amount of a reasonable fee for the defendant for his services.

Cases are tried in court upon the issues joined by the parties and evidence is to be received only as it bears upon those issues. *Probate Court* v. *Enright,* 79 Vt 416, 65 A 530. These issues are usually such as are made by the pleadings, but counsel may, by conduct or agreement, limit them to one or more of these and such limitation, unless otherwise ordered by the court, will bind them and their clients throughout the trial. *Brown* v. *Aitken & Aitken,* 90 Vt 569, 573, 99 A 265; *Nichols* v. *Lane,* 93 Vt 87, 91, 106 A 592. As in other civil actions, the issues in an action of fraud are confined to those raised by the pleadings. 37 CJS, Fraud, § 91, p 389.

The plaintiff, in his brief, says that he introduced evidence of the nature and importance of the business, the professional standing of the defendant as an attorney, the amount of time and labor performed, the importance of the matter, including the amount at stake, the results secured, the benefits to the plaintiff, the contingency and uncertainty of compensation and the responsibility assumed and carried, all of which matters were to be considered and

each weighed as the trier thinks it was entitled to be. He does not give the page or any reference to the transcript where such evidence may be found. This is inadequate briefing. *Utley* v. *School District of Woodbury,* 110 Vt 522, 528, 9 A2d 117; *Turner, Exr.* v. *Bragg,* 113 Vt 393, 402, 35 A2d 356. Where as here, the excepting party takes the position that there is no evidence tending to establish a material fact, and upon that question tenders the transcript, it becomes the duty of the other party to point out such evidence. While we do not search the record for error, we do not in such cases search for evidence, we require it to be pointed out in the brief. Sup. Court rule 8 (5). *Parker* v. *Bowen,* 98 Vt 115, 119, 126 A 522; *Dunn* v. *Williams,* 107 Vt 447, 453, 181 A 131.

If such evidence was in the case, it would afford a basis for assistance to the trier in judging and weighing any testimony as to the reasonableness of the charge for the services performed. As we have seen, the plaintiff claimed that the defendant was entitled to retain only $100 which was a reasonable amount for the service performed. He points to no evidence that he introduced that $100 or any amount was a reasonable fee or that the amount retained was unreasonable. We have searched the record, which we are not required to do, and we find none.

He says, in effect, from such evidence as was presented, the jury could find the amount of a reasonable fee and calls our attention to the case of *Platt, Admx.* v. *Shields & Conant,* 96 Vt 257, 119 A 520. That case involved the amount charged by an attorney for certain successful litigation. The matter was heard by the court and a finding made that the charge was reasonable. This finding was challenged by the plaintiff. It appears from the opinion that at the hearing before the trier the charge was sustained by the testimony of several lawyers. In the instant case, in the absence of any evidence as to what would be a reasonable charge for the services performed by the defendant, the jury could only speculate and conjecture as to what such a charge would be and whether the amount charged was reasonable or not. Speculation and conjecture is no proof in him who is bound to make proof. *Jacobs* v. *Clark,* 112 Vt 484, 489-490, 28 A2d 369, and cases cited; *Cano* v. *Ladd,* 115 Vt 53, 54, 50 A2d 425; *Burke* v. *Clough, Inc.,* 116 Vt 448, 450, 78 A2d 483. It was error not to grant the motion on this ground.

However, if an application had been made to the trial court by the plaintiff after the defendant had made his motion, the court

in its discretion could have opened the case to have received such evidence, giving the defendant, if he insisted, a reasonable opportunity to meet it. *Mott* v. *Bourgeois,* 109 Vt 514, 519, 1 A2d 704.

■ We are now confronted with the question as to what disposition we shall make of the case here, in view of the error we have pointed out. Shall we enter final judgment for the defendant? That we have the power in our discretion and to prevent a failure of justice, to remand the cause is beyond question and it has been our practice to do so when the circumstances warrant it. *Shea* v. *Pilette,* 108 Vt 446, 455, 189 A 154, 109 ALR 933, where the cases are exhaustively collected. *Essex Chair Co.* v. *Fine Furniture Co.,* 116 Vt 145, 148, 70 A2d 578 where the cases since the Shea case are collected. We think this case comes within the foregoing statement of our practice and we will not, therefore, enter judgment for the defendant here.

■ Here, the questions of the nature and kind of services the defendant was employed to perform for the plaintiff, what the defendant did in connection therewith, his claimed representations to the plaintiff in regard to the amount he was entitled to charge for his services are interrelated with the amount his services were reasonably worth. The issues in regard to liability and the amount of damage cannot be so disassociated that they are separable in a trial of the case. *Parizo* v. *Wilson,* 101 Vt 514, 519, 522, 144 A 856. In order that no injustice may be done, we will in our discretion remand the case for a retrial on all issues. In doing so, we do not desire to be understood as upholding or sanctioning the amount that the defendant charged the plaintiff.

■ The defendant has briefed exceptions to the failure of the court to charge two of his requests. Each of the requests simply stated an abstract proposition of law without any explanation as to its applicability to the particular case on trial. They were properly refused. *Bressett* v. *O'Hara,* 116 Vt 118, 122, 70 A2d 238; *Von Hesse* v. *Tindall,* 115 Vt 414, 415, 63 A2d 197, and cases cited. Because of our disposition of the case, it is not necessary to discuss the exception to the charge on the question of damages.

One other matter should be mentioned. The defendant excepted to the argument of the plaintiff's attorney wherein it is claimed he said, "I think the charge is too high." The record shows that he was not stating his personal opinion but his opinion from the evidence in the case. Only part of what was said is singled out as the

basis for the exception. It had to do with the question of damages only, so should not happen again as the evidence will without doubt be different on that question on a retrial. We call attention, however, to what we said in the recent case of *State* v. *Gravelle,* 117 Vt 238, 244-246, 89 A2d 111, in regard to the impropriety of using language in an argument to a jury that is equivalent to a personal belief. We call attention here to this out of, perhaps, an abundance of caution, because of the nature of the instant case. In an action involving the charges of an attorney, as here, counsel should be particularly careful to argue the evidence only and the inferences that may be drawn from it and not use language that could be construed otherwise.

*Judgment reversed and cause remanded for retrial on all issues.*