### EDWARD HOLLOWAY v. TOWN OF BARTON.

*Pauper. Transient Poor. Power of Overseer to Relieve.*

1. G. S. c. 20, s. 3,—as to aiding transient paupers, construed.
2. Under this statute, overseers do not act in the capacity of *agents, but as principals, in granting relief.*
3. *Their decision to aid is a final adjudication.*
4. Parties, contracting with overseers to relieve transient paupers, are under no duty to *inquire whether they are exceeding their authority.*

THIS was an action of assumpsit based upon the alleged promise of the overseer of the poor of the town of Barton to pay the plaintiff for the support of John and Mary Spring, alleged in said declaration to be paupers, and to belong to said Barton. Plea, general issue, trial by jury. Verdict for the plaintiff. REDFIELD, J., presided, February Term, 1880.

The plaintiff's evidence tended to prove that he resided in Glover, and that the paupers were the father and mother of his wife; that they were taken to his house in Glover by one DeForest, about the 17th of December, 1876, but whether unlawfully or otherwise did not appear; that for a few months previous thereto they had been living in the town of Barton, and for several years previous thereto, in the town of Glover; that when they went to the plaintiff's house they were poor, sick, and in need of immediate relief. It was admitted that they had no settlement in this State; and it appeared that they had lived in several different towns. It was also admitted that the defendant town, by its overseer, H. O. Whitcher, had paid the plaintiff for keeping said paupers from December 17th, 1876, to the first of the next March,

when a new overseer, Jenness, was elected. The plaintiff claimed that he made a special contract with the new overseer to keep the paupers. After the evidence was closed, the defendant moved the court to order a verdict for the defendant, on the ground that the plaintiff had failed to prove a consideration for the alleged promise ; that under the facts as developed in the case, the overseer of defendant town, could not bind the town for the support of said paupers, even though he promised to pay therefor. But the court overruled the motion, and instructed the jury that if they found defendant's overseer promised the plaintiff, and expressly contracted to pay him for the support of said paupers, the town would be liable, and their verdict should be for the plaintiff.

*F. W. Baldwin* and *L. H. Thompson*, for the plaintiff.

*W. W. Grout*, for the defendant.

The opinion of the court was delivered by

POWERS, J. This case has been argued upon the theory that an overseer sustains to his town the relation of an agent to his principal. We think this is too narrow a view of the overseer's authority. He is elected to his office by his town ; but his authority in matters pertaining to the relief of paupers, is not delegated by the town, but is conferred by the law.

In cases of this kind the statute declares (sec. 3, chap. 20) that the overseers in their respective towns : " shall provide for the immediate relief of all persons residing or found therein, though they have not a legal settlement in such town, when they fall into distress and stand in need of immediate relief." Under this statute Whitcher adjudged that Spring and wife were entitled to relief, and contracted with the plaintiff to support them. When Jenness came into office, he adjudged that Spring and wife were paupers on his hands to be supported, and contracted with the plaintiff to continue to support them. Under our pauper law the overseer is authorized to determine the question whether he *will* furnish relief in such cases, and whether the facts make the

case one *proper* for him to furnish relief. He does not act under the restrictions of an agency, but with the authority of a principal. The town cannot revoke his authority; cannot itself discharge the functions of his office; and cannot repudiate his contracts made in matters coming within the purview of his official duty.

If the overseer accepts a pauper moved to his town under an order of removal without appeal, the town becomes chargeable with such pauper's support, however defective the order may be, either in form or substance. If the overseer in answer to a call for relief from a transient person, contracts with a person to furnish such relief, this is an adjudication, final and unassailable, that the person is *entitled* to relief. The person furnishing such relief is under no duty to ascertain whether the overseer has made proper inquiries in the premises, or judged correctly as to his duty, but may assume, in the absence of notice to the contrary, that the overseer has acted *judiciously* as well as *judicially*.

The judgment is affirmed.