# Wing Memorial Hospital Association v. Town of Randolph

[141 A2d 645]

May Term, 1957.

Opinion Filed September 3, 1957.

Opinion on Motion for Reargument Filed May 6, 1958.

*Black, Plante, & Ellison* for the plaintiff.

*Stanley L. Chamberlin* and *Wilson & Keyser* for the defendant.

**Holden, J.** The plaintiff, a Massachusetts hospital corporation, seeks recovery by this action in contract, for hospital services furnished to Mrs. Annie Rice in Palmer, Massachusetts on the strength of an undertaking by the defendant's town manager and overseer, Robert A. Hancock. On the findings of fact made, judgment was entered for the defendant by the Orange County Court. The plaintiff appeals and assigns error to certain findings and to the judgment.

The findings state that on October 3, 1951, Mrs. Annie Rice, aged 83, "who was then residing with her son, Walter Stocks, at 91 Springfield Street, Three Rivers, Massachusetts" accidentally sustained a fractured hip and was removed to the plaintiff's hospital for care and treatment. On the day of her admission, the plaintiff directed a printed and typed com-

munication to the town of Randolph. The typed portion is filled in blank spaces provided, indicated by underlining.

Date, 10-3-51

To the Board of Public Welfare of Randolph, Vermont.

Parents ⎫ of the Patient, Walter Stocks, Three Rivers,
Wife ⎬ Mass.
Husband ⎪
Son ⎭

Name of Patient, Mrs. Annie Rice.
and Address, 91 Springfield St., Three Rivers, Mass. and 13 Railroad St., Randolph, Vermont was admitted to this hospital on Oct. 3, 1951 as a responsibility of your Board, sent in by Doctor R. Hunt with an admitting diagnosis of Fractured Right Hip.

Wing Memorial Hospital
By T. Johnson

To this communication was attached a form for a reply that was printed with blank spaces to complete. The blank spaces were filled by writing in longhand and was signed by the defendant's overseer. The printed and written reply contained these words with the written words underlined:
To Wing Memorial Hospital
Palmer, Massachusetts

Date Oct. 8, 1951

You are authorized to send bills in the case of Mrs. Annie Rice admitted to your hospital on Oct. 3, 1951 to this Board.

Board of Public Welfare
By Robert A. Hancock
Overseer of the Poor

The reply, Plaintiff's Exhibit 3, was detached from the original communication of the plaintiff, Plaintiff's Exhibit 2, and was returned to the Wing Hospital which received it October 11, 1951. Both exhibits were handed to the Court during oral argument.

After receipt of the reply from the defendant's overseer, the plaintiff continued to furnish hospital care to Mrs. Rice until the date of her discharge, February 29, 1952. Upon her release from the hospital Mrs. Rice returned to the home of her son in Three Rivers.

On March 20, 1952, Hancock advised the plaintiff by written communication that in his opinion the "Town of Randolph or its Overseer Dept. are in no way legally responsible for your recent expense in connection with Mrs. Rice."

Statements of the hospital care furnished Mrs. Rice have been provided the defendant as well as the patient. The defendant has not paid the plaintiff the amount due for the hospital service rendered Mrs. Rice. The plaintiff seeks recovery for this care during the period of October 9, 1951 to February 29, 1952, in the amount of $1596.13.

██ The plaintiff excepted to the statement of the descriptive clause in Finding 3, which makes reference to Mrs. Rice, at the time of her accident, in the words, "who was then residing with her son, Walter Stocks, 91 Springfield Street, Three Rivers, Mass.," * *. During oral argument of this appeal, counsel for the defendant town stated in substance that the town made no claim that this part of the Court's findings attempted to fix the legal residence of Mrs. Rice in the Commonwealth of Massachusetts. The record fully justifies this concession. Clearly, from the evidence, Mrs. Rice's presence in Massachusetts at the time of her hospitalization was not such as to establish her residence there. To constitute a residence under our pauper law, the fact that the poor person actually lived in the town in question and his intent to make the town his home must concur. V. S. 47, §7097; *Georgia* v. *Waterville*, 107 Vt 347, 350, 178 A 893, 99 ALR 453. The record is silent on the issue of Mrs. Rice's domiciliary intent except for the single instance of her declaration to one of the plaintiff's officers that she was "visiting" her son at the time of her admission to the hospital. Presence as a visitor, in the usual sense, is inconsistent with location for the purpose of establishing a home. A visitor is a person away from home, not one who has come to reside. *Wilbur* v. *Calais*, 90 Vt 335, 337, 98 A 913. There

is no justification by the evidence for an affirmative determination that Mrs. Rice's residence was in Three Rivers, Massachusetts within the meaning of Chapter 303 relating to relief of the poor.

With the inference of the patient's residence in Massachusetts removed from the findings, it is for us to determine whether sufficient facts remain in the findings to sustain the judgment for the defendant.

The plaintiff's exception to the judgment directs this appeal to consideration of whether the facts reported establish a contract, and if so, whether the overseer was possessed of the authority to enter such an agreement.

At the outset, the defendant has challenged the validity of the undertaking of the overseer on the basis that the town is not liable for hospital care administered outside Vermont. This contention might have merit if the plaintiff relied entirely on the statutory remedy of V. S. 47, §7112, and affirmative action by the overseer had not been engaged. That section permits recovery by a hospital for relief furnished a town charge where no contract obtains and in the absence of agreement or approval by the overseer. When this section is read with the definition of the word "town" contained in V. S. 47, §7097, recovery thereunder is limited to relief furnished within the state.

The plaintiff here, however, has not resorted to the statutory remedy of section 7112. The hospital places determinant reliance on the action taken by the overseer by his reply of October 8, 1951. It claims his course of conduct implies a contract which binds the town.

The distinction between actions under our pauper law, purely statutory, and those founded in contract is noted and explained in *Wolcott* v. *Town of Wolcott*, 19 Vt 37 at 39.

■ V. S. 47, §7111 controls the liability of towns for hospital care furnished on agreement or approval by the overseer. This statutory provision imposes no restriction that the care be furnished within the State. The overseer may provide relief at such places as his judgment deems expedient. *Randolph* v. *Ketchum*, 117 Vt 468, 475, 94 A2d 410.

■ Reduced to its plain, reasonable meaning, the original communication from the plaintiff hospital to the Board of Public Welfare of Randolph was in substance an application to the defendant for public assistance in behalf of its patient, Mrs. Rice. To effect such an application, no particular formality of form or expression is required. An application is accomplished if what is said and done is intended as a request for public aid, and thus understood by the overseer to whom it is directed. *Peabody* v. *Holland*, 107 Vt 237, 242, 178 A 888, 98 ALR 866.

It was fitting that the hospital bring the circumstances of its patient to the attention of the overseer in quest of an agreement. See *Hardwick* v. *Barnard*, 102 Vt 330, 334, 148 A 408.

■ The receipt of the request invoked the duty of the overseer to act. His duty arises and becomes ineludible whenever he receives information, however conveyed, that relief is needed. V. S. 47, §7108; *Waitsfield* v. *Craftsbury*, 87 Vt 406, 408, 89 A 466; *Hardwick* v. *Barnard, supra,* 334.

■ The law relating to the relief of poor persons conferred upon him the authority to determine whether he will furnish relief, and whether the facts make the case proper for him to do so. *Nadeau* v. *Marchessault*, 112 Vt 309, 311, 24 A2d 352; *Holloway* v. *Barton*, 53 Vt 300, 301-302.

Section 7108, Vermont Statutes, Revision of 1947, makes it mandatory for the overseer of a town to give relief to a poor person residing therein when application for such relief is made, or when he receives information that relief is required. The function of his office required him to make inquiry of the fact of Mrs. Rice's residence and of her status as a poor person in need of relief. Only by deciding these basic facts could he properly determine whether the request for the relief of Mrs. Rice should be granted. This was the very duty the law imposed upon Hancock as the defendant's overseer.

The function of his office permitted Hancock the liberty to deny the residence of Mrs. Rice and thereby reject the application for her relief. He could have withheld action on the request to permit further investigation. The defendant's overseer failed to resort to either of these courses of action. By

his reply on the form submitted by the plaintiff he acknowledged the town's responsibility for the care of the patient. He "authorized" the hospital to look to the defendant for payment of her expense.

Considering the nature of the subject matter, the clear import of the interchange of communications between the plaintiff and the defendant's overseer is that the plaintiff requested relief in behalf of Mrs. Rice, and the overseer acknowledged the request and granted the relief. These writings, under the circumstances, could not be expected to give rise to any different understanding on the part of the hospital and the overseer. See *Pocket* v. *Almon*, 90 Vt 10, 15, 96 A 421; *Right Printing Co.* v. *Stevens*, 107 Vt 359, 365, 179 A 209, 100 ALR 528.

■ No extrinsic evidence was produced in aid of construction. The writings alone bear the entire evidence of the agreement. In this situation, the construction of the request and the reply, Plaintiff's Exhibits 2 and 3, developed a question of law. *Mixer & Whittemore* v. *Williams*, 17 Vt 457, 463; see also *Brunelle* v. *Eastern Casualty Insurance Co.*, 108 Vt 170, 172, 183 A 493; *Freeguard* v. *Bingham*, 108 Vt 404, 406, 187 A 801.

■ These facts give rise to the implication of a contract. A contract is implied from the words and actions of an overseer against the town he serves, by the standards applicable to an individual. *Tufts* v. *Chester*, 62 Vt 353, 358, 19 A 988. His words and actions in the circumstances may bind the town. *Wolcott* v. *Town of Wolcott, supra*, 19 Vt 37 at 39; *Tufts* v. *Chester, supra*; see also, *Worcester* v. *Ballard*, 38 Vt 60, 61.

■ The findings of the trial court report the decision of the overseer. This statement of the findings compels the presumption, in the first instance, that the overseer's act was regularly done and in accord with his lawful authority. *Manchester* v. *Townshend*, 110 Vt 136, 143, 2 A2d 207; *Ryan* v. *Orient Insurance Co. and Hayes*, 96 Vt 291, 307, 119 A 423; *Lycoming Insurance Co.* v. *Wright*, 60 Vt 515, 521-522, 12 A 103.

■ His decision is final and determinative of the liability of the town he purports to serve, unless it appears that the plaintiff had notice that the overseer's action was improper

and irregularly taken. "The person furnishing such relief is under no duty to ascertain whether the overseer has made proper inquiries in the premises, or judged correctly as to his duty, but may assume, in the absence of notice to the contrary, that the overseer has acted *judiciously* as well as *judicially*." *Holloway* v. *Barton, supra*, 53 Vt at 302.

By his letter of March 20, 1952, after Mrs. Rice had been discharged from the hospital, Hancock wrote the plaintiff, "At the time Mrs. Rice was brought to Wing Memorial for care she was residing at the home of Walter Stocks, 91 Springfield Street, Three Rivers, Mass." This reverse in position indicates that Hancock himself regarded his first action as unjudicious. However, his notice to the plaintiff was untimely. The hospital care, for which recovery *is* sought, had already been provided.

To successfully abrogate the original undertaking of the overseer, it was incumbent on the defendant town to establish that the plaintiff had notice, at the time the care was provided, that the overseer was acting improperly.

There is no finding, express or implied, that the plaintiff had such notice when it administered to Mrs. Rice. The record indicates this point was not litigated. Without a finding properly supported that the plaintiff had such notice, the judgment rendered for the defendant cannot stand.

■ Although reversal is required, we will not enter final judgment here, even though the record may justify a recovery by the plaintiff on the facts presented. *Brown* v. *Maryland Casualty Co.*, 111 Vt 30, 37, 11 A2d 222, 129 ALR 1404. Enough appears in the evidence to satisfy us that the defendant may strengthen its case on a new trial. We think that opportunity should be preserved. *Neill* v. *Ward*, 103 Vt 117, 155, 156, 153 A 219; *Essex Chair Co.* v. *Fine Furniture Co.*, 116 Vt 145, 148, 70 A2d 578; *Laferriere* v. *Saliba*, 119 Vt 25, 34, 117 A2d 380.

In our discretion, and to assure full consideration of all issues, remand is ordered. *Shea* v. *Pilette*, 108 Vt 446, 455, 189 A 154, 109 ALR 933; *Hammonds, Inc.* v. *Flanders*, 109 Vt 78, 83, 191 A 925.

*Judgment reversed and cause remanded.*

**Note:** The opinion in this case was originally read and filed at the September Term, 1957. The plaintiff filed a motion for reargument requesting the Court to revise its opinion, to enter judgment for the plaintiff, or in the alternative to grant rehearing on the question of residence.

Hearing was had on the motion for reargument at the November Term, 1957. Since it was apparent that the views expressed in the original opinion were subject to misconstruction, the opinion was recalled and revised.

The revision of the opinion does not change the result previously reached and the entry order is not affected.

*The plaintiff's motion for reargument is overruled, pro forma.*

### On Motion For Reargument

**Holden, J.** After the revised opinion of the Court was filed at the January Term, 1958, the defendant presented a motion to reargue. The defendant's motion seeks rehearing on two principal points. 1. The contract made in its behalf by the overseer Hancock was *ultra vires* and void. 2. The contract was without consideration. It is not claimed that any issue of fact was overlooked or misapprehended. The motion is addressed entirely to matters of law.

The legal points upon which rehearing is sought are embraced within the body of the opinion previously filed.

*Ultra vires* is a term used to express the action of a corporation which is beyond the powers conferred upon it by its charter or the statutes under which it is instituted. 3 Bouvier's Law Dictionary, Rawle's 3rd Rev. p. 3345. In substance and effect, the opinion holds that under the law of this jurisdiction, the town is bound to furnish relief to those objects of the public bounty whom the overseer determines are residents or found in the town and who are in need of relief. In the absence of notice that he is acting in an arbitrary abuse of power or a dishonest purpose, his contract as a principal binds his town. *Holloway* v. *Barton, supra,* 53 Vt. 300, 302, cited in the opinion. See also *Brighton* v. *Charleston,* 114 Vt 316, at 321, 44 A2d 628, 632; *Marshfield* v. *Cabot,* 107 Vt. 409 at 416, 180 A 897, 900.

The contract obligation sought to be imposed on the defendant does not contravene a statutory prohibition as in *Randolph* v. *Ketchum*, 117 Vt 468, 474, 94 A2d 410, or exceed a statutory limit as obtained in *Ives* v. *Wallingford*, 8 Vt 224. The decision, and the contract that resulted from the decision, were made in the performance of the very governmental function entrusted to the overseer as a public official of the town government. The undertaking was not beyond the power of the overseer to impose. It was not beyond the power of the town to respond. It was within the statutory responsibility of both the defendant and its overseer. See *Nadeau* v. *Marchessault*, 112 Vt 309, 311, 24 A2d 352, cited in the opinion.

The defendant attempts to reargue the proposition that since the application for relief originated outside of Vermont there was no duty on the overseer to investigate the fact of the patient's residence. Under the provisions of V. S. 47, §7108, "The overseer of a town shall give relief to a person residing or found therein when application for such relief is made or when he receives information that relief is required." The opinion holds that the overseer, on receipt of the application for the relief of Mrs. Rice, was under a duty to investigate the fact of the patient's residence and her condition as a poor person in need of relief. The attempt of the defendant to procure a reconsideration of this question falls within the rule that argument will not be reopened to debate a point fully decided. *Ackerman* v. *Kogut*, 117 Vt 40, 52, 84 A2d 131.

The same rule applies to the defendant's contention that the contract was without consideration. In spite of inadequate briefing of the point on the appeal, the defendant's contention was not overlooked. It is included within the opinion. The reply of Hancock to the application for relief of Mrs. Rice established the defendant's obligation to furnish the hospital care her distress required. In furnishing the hospitalization after October 9, 1951, the plaintiff did not act as a volunteer. The fact that the plaintiff hospital previously administered to the patient from October 3 is of no moment. It was under no obligation to continue without the undertaking of the defendant. It continued its care of Mrs. Rice on the authority of

and at the request of the very public official empowered by law to decide the defendant's liability in the premises.

In this situation the law implies a promise to pay for the service furnished in the same way a promise of payment is raised against an individual. We refer to the opinion and *Tufts* v. *Chester*, 62 Vt 353, 19 A 988, and *Worcester* v. *Ballard*, 38 Vt 60, cited in the opinion.

In administering to Mrs. Rice, at the decision of Hancock, the plaintiff was fulfilling an obligation judicially imposed on the defendant by its own public official. On fundamental considerations of contract, an advantage was obtained by the defendant in the discharge of the obligation imposed upon it by its overseer. The plaintiff, in furnishing the hospital care authorized, suffered a detriment. *Jewett & Son* v. *Smardon*, 101 Vt 488, 491, 144 A 683. See also *Hickok* v. *Shelburne*, 41 Vt 409, 417.

█ Even if it should develop that the overseer exercised an erroneous judgment in deciding the fact of Mrs. Rice's residence, the services were furnished at his request. At the time of his decision and his request of the plaintiff, he regarded the hospital care as a benefit to the town he served, unless his decision was rendered in bad faith, and bad faith has not been claimed or shown by the defendant. In the absence of fraud, the act done by the plaintiff promisee, at the request of the defendant's overseer, constitutes a sufficient consideration for the promise of payment raised against the defendant without regard to the benefit received by the promisor. *Ballard* v. *Burton*, 64 Vt 387, 397, 24 A 769, 16 LRA 664; see also 1 Williston on Contracts, Rev. Ed. (1937) §101, pp. 321, 322.

Nothing is gainsaid from the assertion of the defendant that the plaintiff billed the patient as well as the town. The full undertaking between the parties is expressed in Plaintiff's Exhibits 1 and 2. Again, reference is made to the opinion. The defendant's undertaking was direct, not collateral. There is no finding to the contrary. See *Brightlook Hospital* v. *Garfield*, 92 Vt 353, 355, 104 A 99.

The defendant's contentions that the contract was *ultra vires*, void and without consideration were neither misappre-

hended nor overlooked in the result previously reached. They were considered, found wanting and overruled.

*Motion for reargument denied.*