## Champlain Oil Company v. Robert Trombley

[476 A.2d 536]

No. 83-214

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed April 6, 1984

*Craig Weatherly* of *Gravel, Shea & Wright, Ltd.*, Burlington, for Plaintiff-Appellee.

*James B. Anderson* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellant.

**Billings, C.J.** This is an appeal from a denial of defendant-appellant's post-trial motion for judgment notwithstanding the verdict and from the trial judge's denial of defendant's equitable defenses. Plaintiff instituted an ejectment action in Vermont District Court, Chittenden Circuit, and, after trial, the jury found that the defendant had breached a lease and employment agreement (agreement) with the plaintiff, had been notified of the termination of the agreement and requested to vacate the business premises, and had failed to vacate. At the time of this appeal, the defendant continues to occupy the premises and has not paid rent to the plaintiff since the lower court trial. The jury also awarded money damages to the plaintiff.

Defendant raises two issues for our consideration: (1) whether the court erred in not granting his motion for judgment notwithstanding the verdict, V.R.C.P. 50(b) ; and (2) whether the trial judge erred in ruling that defendant's equitable defenses of estoppel and forfeiture were unsupportable in the face of the evidence.

The agreement between plaintiff and defendant was executed on May 5, 1982. The agreement provided that plaintiff, as lessor, would rent its convenience store and gasoline station to defendant for a term of three years at a weekly rent of $125.00. Defendant, in addition to leasing the store for his own benefit, agreed to operate the gasoline station as an employee of the plaintiff. Plaintiff compensated defendant in the amount of $175.00 a week, of which $125.00 would be credited against defendant's weekly store rental obligation, and $25.00 would be credited against defendant's outstanding gasoline consignment account balance (gas balance) with the plaintiff. As of the execution date of the agreement, this gas balance, which arose from prior business dealings between plaintiff and defendant, amounted to $20,964.06. Additionally, the parties agreed that within sixty days of the installation of delicatessen equipment in the store by the plaintiff, defendant would "commence and continue thereafter without interruption weekly payments of $75.00 against" the gas balance due to the plaintiff. Finally, the agreement provided that if defendant failed to perform any of his obligations under the agreement, and such failure continued for a period of seven

days, the plaintiff could "lawfully declare the termination of this Agreement and . . . re-enter the Premises . . . ."

The record discloses that the plaintiff completed installation of the delicatessen equipment on May 11, and that defendant began paying $75.00 weekly against the gas balance, as provided for in the agreement, sometime in July. A check from defendant to plaintiff, for the week of September 16, in the amount of $75.00 was returned to plaintiff for lack of sufficient funds and remained outstanding for over seven days. It is this check that provided the basis for the termination of the agreement and request to vacate, and the subsequent complaint for ejectment instituted by plaintiff.

Defendant urged two grounds in support of his motion for judgment notwithstanding the verdict. First, he argued that the plaintiff failed to prove a breach of the agreement. While not disputing the $75.00 arrearage of September 16, defendant argued that the plaintiff held a $269.12 "credit" of defendant's that plaintiff could have set off against the $75.00 arrearage, thus cancelling the arrearage and removing the basis of the termination of the agreement. Second, defendant argued that a valid tender was made to plaintiff within the seven day grace period provided by the agreement, and that plaintiff refused to accept the tender, thereby waiving defendant's breach of the agreement.

■ ■ A motion for judgment notwithstanding the verdict cannot be granted if the record contains any evidence that "fairly and reasonably" tends to support the jury's verdict. *Smith* v. *Blow & Cote, Inc.*, 124 Vt. 64, 66, 196 A.2d 489, 491 (1963). When ruling on a motion for judgment, the judge takes the evidence in the light most favorable to the prevailing party and excludes the effect of modifying evidence. *Id.*

■ ■ A review of the record reveals credible evidence from which the jury could find that defendant breached the agreement. Testimony taken at trial demonstrated that the September 16 check for $75.00 was and remained outstanding at the time of trial. Plaintiff's agent testified that the $269.12 credit was not available, in the ordinary course of plaintiff's business, to offset any balance other than the gas balance in defendant's gas consignment account. Similarly,

there was evidence from which a jury could find that a proper tender in the amount of the arrearage had not been proffered prior to plaintiff's oral notice to defendant of the termination of the agreement. Although testimony on this issue was conflicting, "[t]he weight of the evidence and the credibility of the witnesses are for the jury to determine, and all conflicts are to be resolved against the excepting party." *Id.* at 66, 196 A.2d at 491.

◼ Defendant next contends that the trial judge, sitting alone, erred in ruling against his affirmative defenses of estoppel and forfeiture. Defendant does not contest the findings of the trial judge relative to his ruling on defendant's defenses. On review, this Court "will not interfere with a lower court's conclusions of law where the findings are sufficient to support them . . . ." *Steele* v. *Steele,* 142 Vt. 112, 114, 453 A.2d 400, 401 (1982).

◼ In order to establish the defense of equitable estoppel, defendant had to show that: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his or her conduct shall be acted upon or the acts must be such that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; (4) the party asserting the estoppel must rely to his or her detriment on the conduct of the party to be estopped. *Fisher* v. *Poole,* 142 Vt. 162, 168, 453 A.2d 408, 412 (1982).

Defendant argued before the trial judge that plaintiff informed him that his arrearages amounted to $309.60* and that he was unable to raise this amount within the seven day grace period. He contends, however, that if plaintiff had applied the $269.12 gas consignment credit to the $309.60, he would have been able to pay the remaining $40.48 well within the seven day grace period. Defendant asserts that plaintiff deliberately failed to inform him of the gas consignment credit at the time plaintiff demanded $309.60.

◼ The trial judge found that the gas consignment credit

---

* This amount included customer checks written for gas that had been returned for lack of sufficient funds as well as the $75.00 payment on September 16.

was, "when viewed with the overall [gas consignment] account of $21,430.00 in debt . . . not a credit—just less debt," and that defendant had presented no evidence to show that this credit was available to offset any debt other than the outstanding gas balance in the gas consignment account. In addition, the judge found no evidence of a change in position or reliance by the defendant. The trial judge also found that defendant's presentation, recollection of facts and candor was "not credible." These findings support the trial judge's conclusion that "[b]ased upon the evidence presented, the Court cannot find, even under a preponderance of evidence standard, credible evidence to support the defense [of estoppel]."

To support a judgment of forfeiture, the breach complained of may not be trivial or technical. *Houghton* v. *Cook*, 91 Vt. 197, 205, 100 A. 115, 119 (1917). This is because forfeitures are not favored in equity. *Standard Packaging Corp.* v. *Goodrich*, 131 Vt. 57, 59, 300 A.2d 541, 543 (1972). "[A] court of equity will generally relieve a party who has not performed his contract strictly as to time, unless it appears affirmatively that the parties regarded it as an essential element in their agreement, or unless such a result follows from the nature and purposes of the contract." 27 Am. Jur. 2d *Equity* § 80, at 603.

Defendant argued below that the $75.00 breach of the agreement was trivial in nature and should not be allowed to act as the basis of the termination of the agreement. The trial judge found, however, that prompt payment of the $75.00 weekly reduction of the gas balance was an essential element of the agreement between the parties, and that defendant's failure, lasting over seven days, to make payment amounted to a material breach of the contract. These findings support the court's denial of defendant's forfeiture defense.

*Affirmed.*