## Paul R. Stacy v. The Merchants Bank

[482 A.2d 61]

No. 83-232

Present: Billings, C.J., Underwood, Peck and Gibson, JJ.

Opinion Filed June 15, 1984

Motion for Reargument Denied August 31, 1984

*Leslie C. Pratt* and *Robert H. Opel* of *Paterson, Walke & Pratt, P.C.*, Montpelier, for Plaintiff-Appellee.

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff*, Burlington, for Defendant-Appellant.

**Peck, J.** Defendant, The Merchants Bank, appeals a jury verdict for plaintiff in an action for a breach of a promise to lend money tried before the Washington Superior Court. Defendant contends that the court erred in denying its motion for judgment notwithstanding the verdict. We reverse.

In 1979, plaintiff, Paul R. Stacy, purchased some land and buildings in Topsham, Vermont. Plaintiff worked until the late summer of 1980, restoring the buildings and revitalizing the pastures, in hopes of starting a small dairy farm. By August of 1980, the preparation work was completed and plaintiff was ready to begin purchasing livestock.

Plaintiff first tried to obtain financing for livestock at the bank which held the mortgage on his farm, but was refused. He then went to defendant for the needed funds. On August 5, 1980, defendant, through one of its loan officers, first became aware of plaintiff's plans for entering the dairy business, and advanced plaintiff $3,800 for the purchase of five cows. Plaintiff purchased the cows and pastured them at a friend's farm until his herd was complete. In November of 1980, plaintiff received a second loan from defendant for $2,200. Along with money obtained elsewhere, these funds were used to purchase nine more cows. At the time of the

second loan transaction, plaintiff informed defendant's loan officer that he had applied to the Farmer's Home Administration (FHA) for additional financing for his business. Apparently aware of the lag-time between the arrival of an FHA loan commitment and the actual transfer of FHA funds, the loan officer orally promised to advance future loans to plaintiff on the strength of an FHA commitment if and when it should arrive.*

Plaintiff began milking his herd of fourteen cows in mid-November of 1980. Despite his efforts, the business sagged quickly. By January 14, 1981, plaintiff's cows were drying up and he was without enough money to purchase more feed. After only two months of operation, plaintiff was prepared to sell the herd. However, on January 15, the FHA commitment arrived. Relying on the oral promise of the loan officer, plaintiff approached defendant for an $8,000 loan. The proposal was forwarded to the defendant's directors, where it was rejected several days later. Without any further attempt to seek financing, plaintiff sold his herd.

Plaintiff then instituted this action, alleging that defendant had breached its promise to continue financing his business, causing the loss of what he termed an "unrecoverable investment" in his business. This included all labor and material costs incurred in the preparation of the farm prior to purchasing the cows, as well as all of his operating expenses, minus income, incurred during the short life of the farm. Defendant answered, denying any liability to plaintiff and counterclaiming for the balance due on the two loans it had extended to plaintiff. The court directed a verdict for defendant on its counterclaim in the amount of $8,109.32. The jury returned a verdict for plaintiff in the amount of $16,748.40 on his breach of contract claim. Defendant's motions for judgment notwithstanding the verdict and a new trial were denied.

---

* Despite the apparent lack of specificity in the terms of the loan promised by defendant, in regard to interest, principal and term, defendant does not challenge the sufficiency of the promise on appeal. Cf. *Malaker Corp. Stockholders Protective Committee v. First Jersey National Bank*, 163 N.J. Super. 463, 474, 395 A.2d 222, 227–28 (1978) (Promise to loan money lacking in essential terms is not enforceable in law or equity).

On appeal, defendant contends that its motion for judgment notwithstanding the verdict should have been granted for three reasons: (1) lack of evidence showing plaintiff's reliance on defendant's promise, (2) lack of evidence to support the damages claimed by plaintiff, (3) lack of evidence that plaintiff took steps to mitigate his losses. Before reaching the merits of defendant's claims on appeal, we must first address plaintiff's contention that defendant failed to adequately raise these issues below, thus precluding appellate review.

Only one of defendant's claims, that of charging plaintiff with failure to mitigate his damages, is not properly before us. At no time did defendant mention evidence of mitigation as grounds for its motions for directed verdict or judgment notwithstanding the verdict, nor did defendant request a jury instruction on the issue of mitigation. Not having brought this issue to the court's attention below, defendant cannot now raise the matter for the first time on appeal. *Hall* v. *Miller*, 143 Vt. 135, 139, 465 A.2d 222, 224 (1983).

The issues concerning plaintiff's reliance and damages were raised as grounds for defendant's motion for directed verdict at the close of plaintiff's case. They were not restated, however, when the motion was renewed at the close of all of the evidence. Plaintiff contends that this failure to reassert the grounds for the motion constituted a waiver of those grounds for purposes of the renewal of the motion and this appeal. We disagree.

When a motion for a directed verdict made at the close of plaintiff's case is denied, failure to renew the motion at the close of all of the evidence precludes review of the issues for purposes of appeal. *Lent* v. *Huntoon*, 143 Vt. 539, 551, 470 A.2d 1162, 1170–71 (1983); *Palmisano* v. *Townsend*, 136 Vt. 372, 375, 392 A.2d 393, 395 (1978). When a motion for directed verdict is first made, the moving party must affirmatively state his grounds in support of the motion. V.R.C.P. 50(a). See *Meyers* v. *Moody*, 475 F. Supp. 232, 236 (N.D. Tex. 1979), *aff'd.*, 693 F.2d 1196 (5th Cir. 1982), *cert. denied*, 104 S. Ct. 287 (1983); 9 C. Wright and A. Miller, Federal Practice and Procedure § 2533, at 579–80 (1971); 5A J. Moore, Moore's Federal Practice ¶ 50.04, at [50-50]–

 (1983). The purpose of stating the grounds is to put the trial court on notice of the specific evidentiary challenge so that it may properly decide whether the issue should go to the jury. See *Panter* v. *Marshall Field & Co.*, 486 F. Supp. 1168, 1184–85 (N.D. Ill. 1980), *aff'd.*, 646 F.2d 271 (7th Cir.), *cert. denied*, 454 U.S. 1092 (1981) ; 9 C. Wright and A. Miller, *supra;* 5A J. Moore, *supra.* Once the grounds have been stated in the first motion the court may consider a subsequent renewal of the motion together with the original motion to determine whether the grounds are sufficiently clear. *Elliott* v. *Group Medical & Surgical Service*, 714 F.2d 556, 562 (5th Cir. 1983) ; 9 C. Wright and A. Miller, *supra,* § 2533, at 580; 5A J. Moore, *supra,* ¶ 50.04, at [50-52].

██ The record of the chambers conference on defendant's motion for directed verdict at the close of plaintiff's case reveals that the court was adequately aware of the issues raised by the motion. In a colloquy with counsel, the court addressed the claimed defects in the plaintiff's case that are the subject of this appeal. Plaintiff has shown no reason for us to believe that the court was not mindful of these areas of concern when the motion was renewed. While the better practice would be to restate the grounds when the motion is renewed, defendant's failure to do so did not result in a waiver of its original motion. Two of defendant's claims having been properly raised below, we now turn to their merits.

 Where a contract involves a promise to lend money, the law presumes that alternative financing is always available on the open market; therefore, recovery for a breach will often be limited to the cost of obtaining the promised amount elsewhere. *Pipkin* v. *Thomas & Hill, Inc.*, 298 N.C. 278, 284, 258 S.E.2d 778, 783 (1979); Restatement (Second) of Contracts § 351 comment e (1981) ; 22 Am. Jur. 2d *Damages* § 68; 25 C.J.S. *Damages* § 79e; 11 S. Williston, Williston on Contracts § 1411 (3d ed. Jaeger 1968) ; 5 A. Corbin, Corbin on Contracts § 1078 (1964); Annot., 4 A.L.R.4th 682 (1981). The above authorities are in accord, however, that if the borrower is unable to obtain alternative funds at the time of the breach, the lender will be liable for such actual damages incurred by the borrower as were reasonably foreseeable at the time the contract was made.

 When reviewing a ruling on a motion for judgment notwithstanding the verdict, we must examine the evidence in the light most favorable to the prevailing party, excluding the effect of modifying evidence. *Champlain Oil Co. v. Trombley*, 144 Vt. 291, 295, 476 A.2d 536, 538 (1984). A denial of such a motion must stand if there is any evidence that fairly and reasonably supports the verdict. *Id.*

Viewing the evidence introduced through plaintiff's testimony in this manner, we conclude that the jury could have determined that plaintiff was unable to seek alternative financing at the time of defendant's breach. We also conclude that there was sufficient evidence to support a finding by the jury that defendant could have reasonably foreseen, at the time the promise was made, that plaintiff would suffer reliance damages in the event of its breach. Finally, there was sufficient evidence to support the damages claimed by plaintiff. The only question that remains for our consideration is to what extent these damages were recoverable.

 Plaintiff submitted his case under the theory commonly known as "promissory estoppel," Restatement of Contracts § 90 (1932), the elements of which are:

1. Was there a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of a promisee?

2. Did the promise induce such action or forbearance?

3. Can injustice be avoided only by enforcement of the promise?

*Overlock* v. *Central Vermont Public Service Corp.*, 126 Vt. 549, 553, 237 A.2d 356, 358–59 (1967) (quoting Boyer, *Promissory Estoppel: Requirements and Limitations of the Doctrine*, 98 U. Pa. L. Rev. 459, 460 (1950)).

These elements specifically require that the promise *induce* the reliance provided by the promise. See *Dial* v. *Deskins*, 221 Va. 701, 703 n.2, 273 S.E.2d 546, 547 n.2 (1981); *Straup* v. *Times Herald*, 283 Pa. Super. 58, 70, 423 A.2d 713, 719–20 (1980); 1A A. Corbin, *supra*, § 196, at 201 (1963) ("[T]he promise comes first and induces the subsequent action in reliance; that subsequent action is an effect and not a cause of

the promise."). Williston states that "something which has been given before the promise was made and, therefore, without reference to it, cannot, properly speaking, be legal consideration." 1 S. Williston, *supra*, § 142, at 620.

Operating expenses incurred while running a farm in reliance on a bank's promise to lend future funds have been held to be recoverable when they are established with reasonable certainty, as they were in this case. *Bixler* v. *First National Bank,* 49 Or. App. 195, 202–03, 619 P.2d 895, 900 (1980). The expenses in *Bixler,* which were also sought on the basis of promissory estoppel, were incurred *after* the bank promised to make future loans. *Id.* at 198, 619 P.2d at 898. Plaintiff's recovery in this instance must also be limited to those expenses incurred after defendant's promise.

Applying the elements of promissory estoppel discussed above, it is clear that the only expenses that can be said to have been induced by defendant's promise were those incurred subsequent to the date on which the promise was made. The expenses incurred in the renovation of the farm prior to the promise, some $7,386.32 by plaintiff's figures, were not made in reliance on any promise by the bank. Indeed, the bank had no knowledge of plaintiff's business until the preparations were complete and plaintiff requested his first loan to purchase cattle. There having been no evidence of reliance prior to the bank's promise, the court should have granted defendant's motion for judgment notwithstanding the verdict on the issue of plaintiff's reliance prior to defendant's promise. Accordingly, the case must be remanded for recomputation of damages, limited to only those expenses, minus income, that were incurred after the promise was made.

*Reversed and remanded.*