**Richard A. and Caroline L. Kinzer v. Degler Corporation and Dale Degler d/b/a Degler's Heating and Air Conditioning**

[491 A.2d 1017]

No. 302-81

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 1, 1985

*Samuel C. FitzPatrick,* Montpelier, for Plaintiffs-Appellants.

*Valsangiacomo, Detora & McQuesten, P.C.,* Barre, for Defendants-Appellees.

**Allen, C.J.** This is an appeal from a judgment notwithstanding the verdict (n.o.v.), entered by the Washington Superior Court following a jury verdict in favor of the plaintiffs on the defendant's counterclaim. The judgment n.o.v. is reversed and judgment for plaintiffs is entered on the counterclaim.

Richard and Caroline Kinzer, plaintiffs, contracted with the defendant, Dale Degler, in August, 1977, to have him do the heating and air conditioning work for the Kinzers' "Crystal Palace" project. The Crystal Palace was to be a restaurant and shop complex, housed in a restored building on the Mountain Road in Stowe.

In January, 1978, there was a dispute between Degler and Richard Kinzer concerning the fact that the heating system was not yet working. Kinzer informed Degler that no more payments would be forthcoming until certain progress had been made. Degler replied that unless payment continued to be made as the invoices were presented, he would cease any work. Degler did not do any further work on the project.

The Kinzers subsequently brought suit against Degler personally and Degler Corporation, which was formed by Dale Degler during the period when he was performing under the contract with the Kinzers, for breach of contract. Counter-

claims were filed by Degler and his corporation alleging breach of contract. At the close of the Kinzers' case, the court granted a directed verdict for the defendants on the grounds that the Kinzers had failed to prove damages. At the close of the defendants' presentation of their counterclaims, the court directed a verdict in favor of the Kinzers as against the Degler Corporation. Degler's personal claim against the Kinzers was submitted to the jury, which rendered a general verdict in favor of the Kinzers. The court subsequently granted judgment n.o.v. in favor of Degler on an invoice in the amount of $3,457.85. The Kinzers now appeal from that judgment n.o.v.

Degler's counterclaim alleged that the Kinzers breached their contract by their refusal in January, 1978, to pay any further invoices. His damage claims consisted of an invoice submitted to the Kinzers, dated January 3, for work completed and materials delivered, in the amount of $3,457.85; an additional invoice, never submitted, for an additional amount of approximately $700.00; lost profits on the labor of Degler himself and his employees; lost profits on the equipment markup; and legal expenses. The Kinzers' defense was not only that they had not breached the contract, but also that the claimed equipment markups were excessive; that certain work done was not governed by the contract at all; that the recordkeeping of hours worked was insufficient to support the claim; that the estimations of lost profit were speculative; that the attorney's fees were not collection costs, and so not supported by the contract; that Degler's hourly labor charge was excessive; and finally that the Kinzers were entitled to $2,192.00 credit for a freezer unit Degler allegedly agreed to take back.

A motion for judgment n.o.v. raises substantially the same legal questions raised by a motion for directed verdict, and therefore the two motions are treated alike. *Perkins* v. *Factory Point National Bank*, 137 Vt. 577, 579, 409 A.2d 578, 579 (1979). In passing upon the propriety of the granting of a motion for judgment n.o.v., V.R.C.P. 50(b), we must view the evidence in the light most favorable to the nonmoving party, excluding the effect of any modifying evidence. The question is whether the result reached by the jury is sound in law on the evidence produced. *Hershenson* v. *Lake Champlain Motors, Inc.*, 139 Vt. 219, 222, 424 A.2d 1075, 1077 (1981). If

there was any evidence fairly and reasonably supporting the nonmoving party's claim, the judgment n.o.v. was improper. *Senesac* v. *Associates in Obstetrics & Gynecology*, 141 Vt. 310, 312, 449 A.2d 900, 902 (1982).

■ Degler contends that the Kinzers were foreclosed from proving any offsets to Degler's claim by virtue of the directed verdict granted against the Kinzers on their original claim for breach of contract. That directed verdict did preclude the Kinzers from offsetting Degler's claim with damages alleged to have resulted from a breach of the contract by Degler. However, the offsets alleged as a defense to Degler's claim were not of that nature. The credit for the returned freezer claimed by the Kinzers was not an element of their original damage claim. The same holds true for the Kinzers' claims that the January 3 invoice reflected unauthorized and excessive markups on equipment and unauthorized and excessive hourly labor charges.

■ Viewing the evidence in this light, there was evidence fairly and reasonably supporting the claim that Degler took excessive markups on equipment provided under the contract; that the Kinzers were entitled to $2,192.00 credit for the freezer unit; and that Degler's labor charges were excessive. Even had there been no evidence fairly and reasonably supporting the Kinzers' claim that they were not liable on the January 3 invoice in the amount of $3,457.85, that finding alone would not support the judgment n.o.v. There was sufficient evidence for the jury to have concluded that there was an offset by at least that amount by the credit for the freezer, by excessive markups for equipment, and by excessive hourly labor charges. Since there was evidence fairly and reasonably supporting the verdict, it must stand.

*The judgment n.o.v. is reversed and judgment for plaintiffs is entered on the counterclaim.*