**ARY JEWELERS, LLC,**
**et al., Plaintiffs**

**v.**

**IBJTC BUSINESS CREDIT CORP. and**
**David Molinario, Defendants.**

**No. CIVA 04–10281 EFH.**

United States District Court,
D. Massachusetts.

Oct. 24, 2006.

Ashish Mahendru, Mahendru, PC, Houston, TX, Barry L. Pickens, Spencer Fane

Britt & Browne, Kansas City, MO, Jill L. Groff, The Carrigan Law Firm, L.L.P., Stephen P. Carrigan, The Carrigan Law Firm LLP, Houston, TX, for Ary Jewelers, LLC, IBJ Whitehall Bank & Trust Co., Plaintiffs.

Dale Lee Beckerman, Deacy & Deacy, LLP, Kansas City, MO, Robert S. Fischler, Ropes & Gray LLP, Lee S. Gayer, Ropes & Gray LLP, New York City, Robert M. Thomas, Jr., Thomas & Associates, Royston H. Delaney, Thomas & Associates, Christopher R. Dillon, Ropes & Gray LLP, Kate Cimini, Ropes & Gray LLP, Boston, MA, for IBJ Whitehall Bank & Trust Co., IBJ Whitehall Capital Corp., Whitehall Business Credit Corp., IBJ Whitehall Business Credit Corp., IBJTC Business Credit Corp., David Molinario, Defendants.

## *ORDER*

HARRINGTON, Senior District Judge.

In response to Defendant IBJTC Business Credit Corporation's ("IBJ") motion to dismiss Count I of the Second Amended Complaint[1] and to Strike the Expert Report of Plaintiff ARY Jewelers, LLC's ("ARY") witness Shirley Webster (Pleading No. 114), the Court has considered the parties' submissions on that motion and rules as follows:

The Court denies defendant's motion to enter judgment on Count I.

■ When liability is proven, contract law has been used to calculate damages on business torts involving wrongfully denied financing, and the borrower applicant has been limited to damages equal to the cost of obtaining replacement financing. *Stacy*

*v. Merchants Bank,* 144 Vt. 515, 482 A.2d 61, 64 (1984). *See also, U.S. Funding, Inc. of America v. Bank of Boston Corp.,* 28 Mass.App.Ct. 404, 407, 551 N.E.2d 922 (1990) holding that consequential damages beyond the cost of alternative financing may be recovered only where, among other things, "substitute financing is unavailable." The measure of damages for a prospective borrower wrongfully denied financing is based on "the expense of getting another loan, consisting principally of the difference between the interest that the borrower contracted to pay and what he or she was compelled to pay to procure a replacement loan...." 25 *Williston on Contracts* § 66:100 (4th ed.). *Williston* further states that "[t]he borrower's basic recovery is limited, at best, to nominal damages where no actual damages of this nature are proved." The *Restatement (Second) of Contracts* § 351 (1981), comment e, states that in most situations, "the lender's liability will be limited to the relatively small additional amount that it would ordinarily cost to get a similar loan from another lender."

It is to be noted that there is no dispute that plaintiff declined the terms of Foothill's March financing offer and decided not to seek any alternative financing.[2]

■ Therefore, the measure of any damages to be established in this case shall not include lost profits flowing from a separate contract between ARY and Krigel's Inc. ("Krigel") relating to ARY's agreement to purchase Krigel's stock, but only those damages flowing from defendant's alleged interference with ARY's financial relationship with Foothill Capital Corporation ("Foothill"). Thus, the Mo-

---

1. A full statement of the case is found in *Ary Jewelers, et al. v. IBJTC Business Credit Corp.,* 414 F.Supp.2d 90 (D.Mass.2006).

2. After plaintiff decided not to seek any alternative financing, plaintiff made a decision not to go forward with the Krigel's stock purchase.

tion to Strike the Expert's Report, which calculated such lost profits, is granted.

SO ORDERED.